[Civil No. 950.   Filed May 12, 1906.]

[85 Pac. 1075.]

## CHARLEY O. ROUSE, Plaintiff and Appellant, v. PIMA COUNTY, Defendant and Appellee.

1. COUNTIES—OFFICERS—COMPENSATION—REV. STATS. ARIZ. 1901, PARS. 970, 2609, 2628, 3882, CONSTRUED.—Under paragraph 970, *supra*, providing that "The clerk of the board must . . . perform all other duties required by law, or any rule or order of the board," paragraph 2609, *supra*, providing "County officers shall receive such compensation as is provided hereafter, and none other," paragraph 2628, *supra*, providing "In counties of the first class, the clerk of the board of supervisors shall receive a salary of fifteen hundred dollars per annum," and paragraph 3882, *supra*, providing "As soon as the board of supervisors of each county has so levied the taxes as provided in this title, they shall add up the columns of valuation and enter the total valuation of each description of property on a roll, and shall cause a true copy of said assessment-roll to be made, to be styled a duplicate assessment-roll, . . . and shall give the county treasurer a statement thereof, . . . which said duplicate assessment-roll and also the plat or map book shall be delivered to the tax-collector on or before the third Monday in September," the fact that a clerk of the board of supervisors of a county of the first class, at the request of the board, without a promise on their part to pay extra for such work, prepared a duplicate assessment-roll outside of office hours, gave him no right to recover from the county on a *quantum meruit* compensation beyond his official salary, especially where there was no evidence that there was not ample time for its preparation during the official office hours, between the date when it was ordered and the date when it was required by statute to be completed and delivered to the tax-collector.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Geo. R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

Owen T. Rouse, for Appellant.

E. S. Clark, Attorney-General, for Appellee.

DOAN, J.—On May 23, 1903, the appellant, as plaintiff, filed a complaint against the appellee, as defendant, for two hundred and fifty dollars, the amount claimed by plaintiff to be due on a *quantum meruit* for services rendered the defendant by the plaintiff while the clerk of the board of supervisors of the defendant, in making out the duplicate assessment-roll for 1902. It was stipulated in the trial court: "That the plaintiff was the duly appointed and qualified clerk of the board of supervisors of the defendant county during the years 1901 and 1902. The plaintiff, at the request of the board of supervisors of defendant county in the year 1902, made up the duplicate assessment-roll for that year according to law, and said roll was accepted by the board of supervisors of said county and was used as such. That said assessment-roll was made and prepared by plaintiff, and, in the making thereof, said plaintiff worked on it at hours before and after the commencement of the time fixed by law as the official hours of the office of the clerk of the board of supervisors, and also at nights and on legal holidays. That the defendant during all of the time mentioned was a county of the first class. That plaintiff has not been paid for the services herein claimed, or for any part thereof, and that he filed a verified demand therefor in due time from the 20th day of September, 1902, within six months after the making of said duplicate assessment-roll, and that said demand was rejected by the said board of supervisors on the 7th day of February, 1903." The case was submitted to the trial court on the complaint and answer and the agreed statement of facts, and judgment was rendered that plaintiff recover nothing, and that the defendant recover its costs, from which judgment and the denial of a motion for a new trial the plaintiff has appealed to this court.

It is not claimed by the appellant that the services sued for were rendered under the terms of an express contract. We do not, therefore, need to determine whether a contract made by the board of supervisors with the clerk thereof for the rendition of such services would, if the same were

rendered outside of office hours and on nights and legal holidays, be valid and binding on the county. The record in this case discloses: "That said plaintiff at the request of said board of supervisors of defendant county, made up the duplicate assessment-roll according to law, and said roll was accepted by the board of supervisors of said Pima County, and was used as such." We held in *Santa Cruz County* v. *Barnes,* 9 Ariz. 42, 76 Pac. 621, that, "as a rule, one who demands the payment of a claim against a county must show some statute authorizing it, or some contract express or implied from which it arises, which itself finds authority of law." Our statutes provide: Paragraph 970 of the Revised Statutes of Arizona of 1901: "The clerk of the board must . . . (9) perform all other duties required by law, or any rule or order of the board." Paragraph 2609: "County officers shall receive such compensation as is provided hereafter, and none other." Paragraph 2628: "In counties of the first class, the clerk of the board of supervisors shall receive a salary of fifteen hundred dollars per annum." Paragraph 3882: "As soon as the board of supervisors of each county has so levied the taxes as provided in this title, they shall add up the columns of valuation, and enter the total valuation of each description of property on a roll, and shall cause a true copy of said assessment-roll to be made, to be styled a duplicate assessment-roll . . . and shall give the county treasurer a statement thereof . . . which said duplicate assessment-roll and also the plat or map book shall be delivered to the tax-collector on or before the third Monday in September." The suit was evidently brought by the appellant in the lower court upon the ground that he was entitled to pay for the services, because they were rendered outside of office hours. But he does not allege in his complaint, nor does the statement of facts bear out the presumption, that the board authorized such inference on his part. It is not alleged that they made any definite contract to pay him for the work, and there is nothing in the record to negative the inference that they directed or requested these services to be rendered as a part of the duties of his office. If he did not consider that the services requested of him were within the line of his official duty, he could have declined to perform them, but we find nothing in the statutes to authorize him

to perform the services requested and then claim extra compensation therefor upon the ground that they were not a part of his official duty.    The statutes provide plainly, in paragraphs 2609 and 2628, that "he shall receive as clerk of the board of supervisors a salary of fifteen hundred dollars per annum," and that he shall receive such compensation *for his services,* and none other.    The fact that this roll was prepared outside the official office hours does not entitle the officer who thus prepared it to pay beyond his official salary. Especially where, as in this case, there is no evidence that there was not ample time for its preparation during the official office hours between the date when it was ordered and the date when it was required by statute to be completed and delivered to the tax-collector.    No statute has been cited by the appellant authorizing the allowance of such a claim against the county.    There is no evidence in the record indicating that the county, through the board of supervisors as its representative, secured the services upon any promise to pay extra compensation therefor, and the presumption would therefore naturally follow that the services were rendered by the appellant within the line of his official duty, and that the board properly rejected the demand presented for extra compensation therefor.

The judgment of the lower court is affirmed.

KENT, C. J., SLOAN, J., CAMPBELL, J., and NAVE, J., concur.