455 P.2d 967

Dean GAMET, J. Raffles Cox and Robert A. Mullen, Petitioners,

v.

The Honorable Jerry GLENN, Superior Court Judge, Maricopa County, Arizona; and Real Parties in Interest Milton J. HUSKY, Charles H. Garland, and Dick Herbert, as Commissioners constituting the Arizona Corporation Commission; Carefree Water Company, an Arizona corporation; and Barney W. Burns, Henry Haws and J. Robert Stark, as Members of the Maricopa County Board of Supervisors, Respondents.

Nos. 9588, 9595–PR.

Supreme Court of Arizona.

In Banc.

June 16, 1969.

Lewis, Roca, Beauchamp & Linton, Joseph E. McGarry, Phoenix, for petitioners.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Wilbert G. Anderson, Phoenix, for respondents.

Gary K. Nelson, Atty. Gen., and Charles S. Pierson, Asst. Atty. Gen., Phoenix, for the Arizona Corporation Commission.

LOCKWOOD, Vice Chief Justice:

Carefree Water Company, hereafter referred to as Carefree, applied for a certificate of convenience and necessity from the Arizona Corporation Commission, hereafter referred to as Commission, for purposes of supplying water to the Graham Studios, hereafter referred to as Graham. Graham is situated approximately one mile south of Carefree's originally certificated area.

North Valley Water Company, hereafter referred to as North Valley, holds certificates of convenience and necessity for supplying domestic water to the territory lying between Carefree's original certificated area and Graham. At the hearings held before the Commission, North Valley and other interested parties appeared to protest the application. The Commission granted the certificate to Carefree, and North Valley filed an application for a writ of certiorari, writ of mandamus and complaint for injunction in the Superior Court of Maricopa County for judicial review of the Commission's actions (Cause No. C–218751).

Dean Gamet, J. Ruffles Cox, and Robert A. Mullen, hereafter referred to as petitioners, own property overlying the Cavecreek-Carefree water basin. Petitioners filed a motion to intervene in the above cause, contending that Carefree would wrongfully export percolating water to Graham, thereby jeopardizing petitioners' interest in said water supply. The motion to intervene was denied by respondent Judge Glenn in the Superior Court.

Petitioners filed an application for a writ of mandamus in the Court of Appeals seeking to compel Judge Glenn to allow them to intervene. The Court of Appeals denied the application, in its minute order apparently holding that because petitioners had not participated in the original hearings before the Commission they were not entitled to intervene in the superior court action. (A.R.S. § 40–253). A motion for rehearing was filed in the Court of Appeals so that petitioners could file a petition for review in the Supreme Court. The Court of Appeals, on March 19, 1969, entered an order which in effect held that an order of the Court of Appeals denying application for a special writ could not be reviewed on petition for rehearing but that it would be necessary to file an original application for a writ of mandamus in the Supreme Court.

Petitioners thereupon filed original application for a writ of mandamus in this Court (No. 9588) and sought, in a parallel proceeding (No. 9595–PR) the alternative of petitioning this Court for review of the order of the Court of Appeals. By permission of this Court the petition for review was accelerated so that arguments on the appropriate procedure could be heard simultaneously with arguments on the application for the original writ of mandamus in this Court. The two applications concerning the same subject matter, will therefore be considered together in this opinion.

An examination of the briefs and memoranda submitted in this matter indicate that we need answer only two questions. The first involves whether petitioners are entitled to intervene in the superior court action below. The second involves the appropriate procedure for review by this Court where special writs are denied by the Court of Appeals.

Petitioners' attempt to intervene is based entirely upon their conclusion that their rights in the percolating water supply

in the Cavecreek-Carefree water basin will be affected by the granting of the certificate of convenience and necessity to Carefree. Petitioners contend that a ruling in Case No. C–218751 sustaining the Commission's action would allow Carefree to export water from the Cavecreek-Carefree water basin and would impede and impair petitioners' ability to protect their own water supply therefrom. For reasons that will follow, we hold that the Commission, in granting a certificate of convenience and necessity, has no jurisdiction to determine conflicting water rights, cannot purport to license the wrongful exportation of water, and cannot consider the issue of water rights that petitioners are now attempting to inject in the superior court action below. Because of the absence of any legal effect of the proceedings upon petitioners' water rights, they are not affected by the case below and are not entitled to intervene in said action.

The reasoning of this Court, in Beach v. Superior Court, 64 Ariz. 375, 173 P.2d 79 (1946) is pertinent to our present determination of petitioner's standing to intervene. The Beach case involved the action of the State Land Commission in granting an application to certain parties to construct a reservoir and dam, and a permit to appropriate certain waters of a stream. Prior appropriators appeared at the hearings conducted by the Land Commission objecting to the granting of any permit upon the ground that they had long before acquired vested rights in and to the use of the waters of said creek by prior appropriation and beneficial use. The permit was granted over the objections, and the prior appropriators appealed to the superior court. This Court prohibited the appeal, holding that the appellants' rights were not affected by granting of the permit to appellee, and therefore the issue of relative water rights between appellants and appellee could not be adjudicated by the superior court in an appeal from the Commission. The Court in Beach made some pertinent statements which are applicable to the case at bar.

"'He [the land commissioner] has authority to investigate, to determine whether in his judgment the appropriation applied for would conflict with vested rights, authority to determine whether or not he thinks the water applied for can be put to a beneficial use. He takes this up in a summary way, and if he decides to refuse the permit the applicant has a right to appeal; *but as stated in the former opinion, the commissioner in this case under the procedure adopted had no jurisdiction to settle and determine the relative rights of the appellant, and the appellee to the water of the Verde River.* The only party before the commissioner, except as a matter of courtesy, was the United Verde Copper Company, and the commissioner certainly could have no jurisdiction to determine in a summary manner the rights of two different appropriators, * * *.'" (Emphasis in original.) 64 Ariz. at 380, 173 P.2d at 82.

A.R.S. § 40–282 establishes the procedure for applying for a certificate of convenience and necessity. It also sets forth the procedure for hearings on the applications. The only absolute requirement for issuance of a certificate is an affirmative showing that issuance thereof would best serve the public interest. No provision is made for notice to persons with water rights which may conflict with those of the applicant. As in the Beach case, such a summary proceeding cannot be the legal basis for determining conflicting rights to water.

The only legal effect of the Commission's action in the present case is to determine whether an applicant is entitled to a certificate of convenience and necessity. The Commission itself denied any authority to determine water rights. It is only the interests for and against the issuance of the certificates of convenience that are at issue before the Commission and before the superior court in reviewing the Commission's actions.

Petitioners contend that if they are not permitted to intervene then they will be barred from challenging the Commission's

actions under A.R.S. § 40–254, subsec. F. That provision only bars review of issues decided by the Commission. As we have stated above, the issue of water rights was not decided by the Commission and such rights may be protected in appropriate legal proceedings if they are threatened by Carefree's actions. Ernst v. Superior Court of Apache County, 82 Ariz. 17, 307 P.2d 911 (1957).

Since petitioners do not have a property interest that can be adversely affected by a superior court judgment in Case No. C–218751, and since petitioners are not subject to being bound by any judgment in said case, they are not entitled to intervention under the terms of Rule 24, Rules of Civil Procedure, 16 A.R.S. We find it unnecessary to decide whether the present attempt to intervene constitutes a collateral attack upon the Commission's orders, nor need we consider whether petitioners' appearance at the Commission's hearings was a necessary prerequisite to the present application to intervene.

With regard to the second question presented under No. 9595–PR, it is apparent that the procedural aspects of the matter presently before this Court have caused some confusion to the members of the appellate courts and bar. There are two possible avenues available for a review by this Court of an order of the Court of Appeals denying extraordinary writs. Rule 47(a), Rules of Supreme Court, Vol. 17, A.R.S., states that .

"Any party desiring a rehearing from *a decision of the Court of Appeals* may, within 15 days after the Clerk has given notice that a decision has been rendered by the Court of Appeals, file therein a Motion in writing for a rehearing, specifying the particular grounds for rehearing. A copy of the Motion shall be served upon the adverse party or his attorney. A motion for rehearing shall not be amended except by leave of Court." (Emphasis added.)

Rule 47(b), allows review by the Supreme Court of decisions of the Court of Appeals after a denial of the motion for rehearing. See also A.R.S. § 12–120.24. Rule 47(d) of the above rules states that:

"In the event the Court of Appeals declines to issue an extraordinary writ in pursuance of Rule 1(c), Rules of the Supreme Court, and there is no formal written decision, the reason therefor shall be set forth in the court's minutes.

"If the applicant thereafter applies to the Supreme Court for an original writ he shall state that a prior application has been made to the Court of Appeals for the same writ and the reason for the refusal of the Court of Appeals to issue it."

■ The Court of Appeals, Division One, decided that an order denying the issuance of an extraordinary writ was not a "decision" reviewable pursuant to Rule 47(a), and apparently construed Rule 47(d) to mean that such a denial in the Court of Appeals could only be pursued to the Supreme Court by applying for an original writ in this Court. We do not so construe the rule. We find nothing in Rule 47(d) which limits the effect of Rule 47(a). Nor are the two rules inconsistent with each other. Rule 47(a) broadly states that "a decision of the Court of Appeals" may be subject to application for rehearing upon the timely filing of a Motion for Rehearing by the party desiring it. An order of the Court of Appeals denying an application for an extraordinary writ is a "decision" within the meaning of Rule 47(a) and is thus subject to review within the terms of Rule 47(b). We have heretofore recognized both methods as valid. For example, in Genda v. Superior Court, Pima County, 103 Ariz. 240, 439 P.2d 811 (1968), and Caruso v. Superior Court In And For Pima County, 100 Ariz. 167, 412 P.2d 463 (1966), the Court of Appeals, Division Two, had denied applications for extraordinary writs and we reviewed the matter on petitions for review. On the other hand, we have held informal hearings on applications for extraordinary writs filed as original proceedings, after a denial of

the same application to the Court of Appeals.

We hold therefore that the procedures established by Rule 47(a) and (b), and the procedure established by Rule 47(d), present alternate methods of presenting to this Court the question raised by extraordinary writ which has been theretofore denied by the Court of Appeals.

Alternative writ of mandamus quashed, and order granting petition for review vacated.

UDALL, C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.