502 P.2d 166

STATE of Arizona and James J. Hegarty, in his official capacity as Superintendent of the Department of Public Safety, Petitioners,

v.

Richard J. BOYKIN et al., Respondents.

No. 2 CA-CIV 1271.

Court of Appeals of Arizona, Division 2.

Oct. 25, 1972.

Rehearing Denied Nov. 24, 1972.

Review Granted Jan. 16, 1973.

———◆———

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for petitioners.

Miller, Pitt & Feldman, P. C. and Soble, Cole & Meehan, P. C., by James C. Carruth, Tucson, for respondents.

KRUCKER, Chief Judge.

This special action challenges the lower court's denial of a motion to dismiss the respondents' complaint, attacking the sufficiency of the complaint to state a claim for relief. Since an order denying a motion to dismiss is an interlocutory non-appealable order, appellate intervention at this juncture is appropriate to prevent the trial court from proceeding when no cause of action exists. Industrial Commission v. Superior Court, 5 Ariz.App. 100, 423 P.2d 375 (1967).

Accepting the well-pleaded allegations of the complaint as true, as is our duty, we find the following facts are alleged. The respondents are employees of the Department of Public Safety, a State agency, and petitioner Hegarty is the duly appointed and acting director of said Department. The Arizona Constitution, art. 18 § 1, provides that eight hours, and no more, shall constitute a lawful day's work in all employment by or on behalf of the State or any political subdivision thereof. The Law Enforcement Merit System Council, established pursuant to statute, adopted rules and regulations with respect to the terms and conditions of employment for Department of Public Safety employees, including one to the effect that the normal work week would be forty hours and the normal work day would be eight hours and no more.

Respondents further alleged that the petitioner-director was charged with the duty to properly determine and budget for compensation of employees of the Department of Public Safety; that the respondents and other employees of the Department had, prior thereto, been required to work in excess of eight hours per day and forty hours per week and would continue to be required to work overtime; that refusal to work overtime would expose them to dismissal or other disciplinary action; that the Law Enforcement Merit System Council rules and procedures provide for payment of non-scheduled overtime compensation; that the respondents' claims for overtime compensation had been rejected by the director of the Department of Public Safety; and that the director had breached his duty to "properly determine and budget for compensation of employees of Department of Public · Safety in the matter of future overtime compensation as required by A.R.S. 41–1741 [as amended], by failing to include the foreseeable overtime requirements of his personnel in his budget and appropriation request."

Additionally, respondents alleged that they were entitled to be compensated "for the overtime work performed by them in excess of the 8 hour per day and 40 hour per week constitutional and statutory mandate" in an amount which would constitute the reasonable value of said services. Their prayer for relief requested payment of overtime compensation for the preceding year and for an order requiring the petitioners "to exercise a duty to properly provide for the future compensation of plaintiffs and those others similarly situated. . . ."

The lower court, in denying the petitioners' motion to dismiss, expressed its belief (in a memorandum opinion) that the respondents had stated facts which might entitle them to equitable relief on a quasi-contract theory.

Respondents, in support of the ruling below, advance the proposition that as long as the subject matter of benefits conferred upon a governmental entity are not the subject of express countermanding legislation, such entity may be held to account upon the basis of quasi-contract and *quantum meruit*, citing Town of Holbrook v. Girand, 52 Ariz. 291, 80 P.2d 695 (1938); County of Greenlee v. Webster, 30 Ariz. 245, 246 P. 543 (1926); County of Cochise ex rel. Riley v. Board of Supervisors, 7 Ariz.App. 571, 442 P.2d 129 (1968); Annot., 84 A.L.R. 973, 110 A.L.R. 165, 154 A.L.R. 376 and 33 A.L.R.3d 1164. We do not believe that the authority cited by respondents is apposite as even in cases where recovery has been permitted on the theory of unjust enrichment, liability is imposed only in situations where property acquired or benefits conferred would be a proper subject for an express contract and within the contractual powers of the governing body.

Article 18 § 1 of the Arizona Constitution provides:

"Eight hours and no more, shall constitute a lawful day's work in all employment by, or on behalf of, the State or any political subdivision of the State. The Legislature shall enact such laws as

may be necessary to put this provision into effect, and shall prescribe proper penalties for any violations of said laws."

This constitutional provision is not self-executing, City of Phoenix v. Yates, 69 Ariz. 68, 208 P.2d 1147 (1949), and the legislative implementation of it is found in A.R.S. § 23–391:

"Hours of labor and minimum wages for public employees doing manual or mechanical labor

A. Eight hours, and no more, shall constitute a lawful day's work for any person doing manual or mechanical labor, employed by or on behalf of the state or a political subdivision thereof, except in an extraordinary emergency, in time of war, or for the protection of property or human life, in which instance every person working in excess of eight hours in any day shall be paid time and one-half for all time in excess of eight hours."

As pointed out by our Supreme Court in City of Phoenix v. Yates, supra, the legislature restricted and implemented the constitutional provision for the benefit of a certain class by enumerating that class and had it intended to include all persons in public employment it would have said so.

In the absence of a statutory provision, a public employee is not entitled to compensation for overtime. Simpson v. Cranston, 56 Cal.2d 63, 13 Cal.Rptr. 668, 362 P.2d 492 (1961). Under A.R.S. § 23–391, the legislature provided for payment of overtime compensation to a limited class of public employees and only upon the oc-

currence of certain conditions set forth in the statute. Therefore, in order to be entitled to compensation for overtime, a state employee must bring himself within the purview of the statute and courts cannot ignore the restrictions and limitations which the legislature has imposed on the spending of public monies. Tully v. State, 196 Misc. 149, 92 N.Y.S.2d 50 (1949); 81 C.J.S. States § 92e. In the absence of a statutory provision, the State cannot be bound to pay compensation for overtime and its employees, charged with knowledge of such lack of authority, cannot recover on a quasi-contract or unjust enrichment theory. McMahon v. State, 178 Misc. 865, 36 N.Y.S.2d 699 (1942).

No matter how liberally the respondents' pleading is construed, no statutory authority for payment of overtime compensation is alleged. In the absence of such allegation, the complaint fails to state a claim for relief and the motion to dismiss should have been granted. Furthermore, contrary to respondents' argument, there is countermanding legislation prohibiting payment to state employees of any compensation in excess of the salary provided by law. A.R.S. § 38–601.

. Since the theory of unjust enrichment could not form the basis for payment of overtime compensation, McMahon v. State, supra, dismissal was mandated. The lower court is directed to enter an appropriate order not inconsistent herewith.[1]

HATHAWAY and HOWARD, JJ., concur.

---

1. The complaint likewise fails in seeking to mandamus the petitioner to budget for overtime compensation in the future. Absent legislative authority for payment of overtime compensation, petitioners would have no authority to pay for overtime. Jarvis v. Henderson, 40 Cal.2d 600, 255 P.2d 426 (1953).