508 P.2d 1151

STATE of Arizona and James J. Hegarty, in his official capacity as Superintendent of the Department of Public Safety, Petitioners,

v.

Richard J. BOYKIN et al., Respondents.

Richard J. BOYKIN et al., Petitioners,

v.

The STATE of Arizona and James J. Hegarty, in his official capacity as Superintendent of the Department of Public Safety, Respondents.

Nos. 11090-PR, 11092.

Supreme Court of Arizona,
In Banc.

April 18, 1973.

Rehearing Denied May 15, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, John S. O'Dowd, Asst. Atty. Gen., Tucson,

Fred W. Stork, Asst. Atty. Gen., Phoenix, for the State and James J. Hegarty.

Miller, Pitt & Feldman, P. C., James C. Carruth, Stanley G. Feldman, David J. Leonard, Tucson, Soble, Cole & Meehan, P. C., Tucson, for Richard J. Boykin, Garrett C. Robb, Terry Lee Kennedy, Arthur Gene Anderson, individually, and on behalf of all other persons similarly situated, real parties in interest.

Dennis DeConcini, Pima County Atty., Gerard R. O'Meara, Deputy County Atty., Tucson, for amicus curiae, Pima County Board of Supervisors.

LOCKWOOD, Justice:

Petitioners, employees of the Department of Public Safety as law enforcement officers, brought suit against the acting director of the Department, James J. Hegarty and the State of Arizona. The Pima County Superior Court denied a motion by the State to dismiss the complaint for failure to state a claim for relief. The State, in a special action proceeding, obtained its objective in the Court of Appeals, which directed the lower court to enter an order dismissing the complaint. Arizona v. Boykin, 18 Ariz.App. 365, 502 P.2d 166 (1972). From this decision, the petitioners sought relief in the nature of a special action as well as a direct appeal. We granted the petition for special action in order to have all issues presented. We therefore consider both the special action and petition for review together.

In their complaint in the Superior Court, the petitioners requested payment for overtime worked in the preceding year. They alleged that they were required to work in excess of eight hours per day without receiving compensation for the "overtime" work performed. It was also contended that employees of the Department of Public Safety cannot refuse to perform services at the end of eight hours since the inherent nature of the services requires work beyond an eight hour day and respondents require performance of duties which commence after the end of the eight hour day.

Furthermore, it was stated in the complaint that if the petitioners failed or refused to perform these services or if they stopped at the end of eight hours, they would be subject to dismissal or other disciplinary action. The complaint included the allegation that the employees of the Department of Public Safety submitted verified claims for overtime to Hegarty and all were either rejected or refused. The petitioners contend that they are still required to work "overtime" and would like to be compensated therefor.

The first issue presented is whether a petition for special action is the appropriate mode of appeal. The respondents contend that special action does not lie. We agree with respondents under the special circumstances of this case.

It is true that the alternative methods of petition for review and petition for special action are available to the petitioners, 17 A.R.S. Rules of Procedure for Special Actions (1972); Gamet v. Glenn, 104 Ariz. 489, 455 P.2d 967 (1969). For special action to be appropriate, however, it must also comply with Rule 1. That rule provides in part:

"(a) * * * Except as authorized by statute, the special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal; * * *."

In the instant case, petitioners have failed to show why a petition for review pursuant to 17 A.R.S. Rules of the Supreme Court 47(b) is not a "plain, speedy and adequate remedy" justifying extraordinary relief under a special action. The petitioners waited a year to bring this action and when their complaint was filed in Superior Court extraordinary relief was not then requested. The numerous affidavits showing apparent confusion on the state of the law do not warrant extraordinary relief. Moreover, petitioners still have not asked for relief which could not be obtained as a result of a vacation of the decision of the Court of Appeals.

We, therefore, conclude that special action is not the appropriate means of appeal in this case, and it is therefore dismissed.

■ The issue raised by the employees of the Department of Public Safety in their petition for review of the Court of Appeals' decision is whether they are entitled to overtime compensation. We hold this is properly a class action. 16 A.R.S. Rules of Civil Procedure Rule 23(a).

Both the petitioners and respondents rely on Article 18 § 1 of the Arizona Constitution which provides that:

"Eight hours and no more, shall constitute a lawful day's work in all employment by, or on behalf of, the State or any political subdivision of the State. The Legislature shall enact such laws as may be necessary to put this provision into effect, and shall prescribe proper penalties for any violations of said laws."

Petitioners contend that "eight hours and no more" means that eight hours is a lawful or normal day's work; any time spent on work over eight hours is "overtime" and must be compensated accordingly. They do not contend, however, that this provision is self-executing. See City of Phoenix v. Yates, 69 Ariz. 68, 208 P.2d 1147 (1949). Neither do they contend that they come within the statutory implementation of Article 18, § 1 found in A.R.S. § 23–391, subsec. A (1956) which pertains only to manual and mechanical laborers:

"A. Eight hours, and no more, shall constitute a lawful day's work for any person doing manual or mechanical labor, employed by or on behalf of the state or a political subdivision thereof, except in an extraordinary emergency, in time of war, or for the protection of property or human life, in which instance every person working in excess of eight hours in any day shall be paid time and one-half for all time in excess of eight hours."

■ Nevertheless, the petitioners do contend that Article 18, § 1 confers the "right" to an eight hour day and that the lack of implementing legislation only fails to provide a remedy. We do not agree.

The language of Article 18, § 1, *supra,* indicates that there is *no right* to an eight hour day. It provides: "The Legislature shall enact such laws as may be necessary to put this provision into effect, * * *." From this wording it is apparent that without legislative enactment the constitutional provision was not "put into effect" and hence cannot confer any right.

The second clause of that sentence further supports this view. It says "* * * and [the Legislature] shall prescribe proper penalties for any violation of said laws." This specifically indicates that the remedy must also be provided by the Legislature. If a right had already been given to governmental employees by the Constitution, only this latter clause would have been needed to instruct the Legislature to supply a remedy. However, the first clause also directing the Legislature, cannot be overlooked. In order to give effect to the whole sentence, the first clause could only mean that the Legislature must act to provide the right as well as the remedy.

So far, the Legislature has only complied with Article 18, § 1 regarding manual and mechanical laborers. See A.R.S. § 23–391, subsec. A *supra.* As a result, we hold that Article 18, § 1 does not confer a "right" to an eight hour day without implementing legislation.

■ Nonetheless, the petitioners suggest that the foregoing constitutional provision is implemented by either A.R.S. § 28–235 or A.R.S. § 41–1741. However, A.R.S. §§ 28–235 and 41–1741, do not support the petitioners' contention.

In discussing the duties of the Law Enforcement Merit System Council, A.R.S. § 28–235, subsec. C provides in part:

"5. The council shall prepare an annual recommendation to the legislature and joint legislative budget committee of a salary plan and adjustments thereto for employees subject to the jurisdiction of the law enforcement merit system

council. Such recommendation shall be made on or before December 1 of each year. The recommendation when completed shall be transmitted to the legislature and joint legislative budget committee through the state personnel commission."[1]

The petitioners allege that the Law Enforcement Merit System Council has adopted rules providing for payment of non-scheduled overtime compensation. Nevertheless, the rules fail to provide the requisite authority for payment of overtime compensation since the statute itself quite clearly relegates to the Legislature the final decision regarding the salary plan for employees subject to merit system council jurisdiction. There is no allegation in the complaint or the petition that the Legislature has ever adopted a salary plan authorizing payment to employees of the Department of Public Safety of any overtime compensation nor do we find any. As a result, the authority for overtime compensation does not come from either A.R.S. § 28–235 or the rules adopted thereunder by the Law Enforcement Merit System Council.

The provisions of A.R.S. § 41–1741 enumerate the duties of the Director of the Department of Public Safety regarding the compensation of employees. It provides in part:

§ 41–1741

* * * * * *

"D. The compensation of employees of the division [Arizona Highway Patrol] shall be determined by the director, and shall, together with expenses of the division, be budgeted and paid from the state highway fund."

This statute, read with A.R.S. § 28–235, *supra*, places the Department of Public Safety employees within the jurisdiction of the Law Enforcement Merit System Council regarding salary recommendations. Therefore, the director's budget and salary responsibilities under A.R.S. § 41–1741 are subject to the approval of both the Council and the Legislature, and A.R.S. § 41–1741 provides no authority to the director to pay any amounts as compensation which have not been approved by such bodies. Again there is no evidence that the Legislature has ever adopted a salary plan. As a result, we hold that no authority is conferred either directly or by implication from the provisions of A.R.S. § 41–1741 for the payment by the respondents of overtime compensation to the petitioners.

In support of their position, petitioners claim that overtime compensation is within the contractual powers of the governing body. However, it must be remembered that their complaint sounded in quasi contract or *quantum meruit*—no actual contract was alleged.

We have consistently denied quantum meruit recovery when no statute authorized the allowance of such a claim against the county. See Kerby v. State ex rel. Frohmiller, 62 Ariz. 294, 157 P.2d 698 (1945); Ward v. Frohmiller, 55 Ariz. 202, 100 P.2d 167 (1940); Maricopa County v. Norris, 49 Ariz. 323, 66 P.2d 258 (1937); Rouse v. Pima County, 10 Ariz. 218, 85 P. 1075 (1906). We therefore hold that recovery is also denied in the instant case, since no statute authorizes overtime compensation.

Furthermore, the Legislature in A.R.S. § 38–601 (1956) has prohibited payment to state employees of any salary or emolument in excess of the salary provided by law. It states:

"State or county officers, employees, members of boards and commissions, and deputies, stenographers, clerks and employees of any such officer, board or commission, or of any institution, shall receive the salary provided by law, and shall not, under any pretext, receive any salary or emolument in excess of the salary so provided."

Since petitioners' salary has already been provided, payment of overtime would violate A.R.S. § 38–601.

---

1. See also A.R.S. § 38–1001 et seq. on the Law Enforcement Officers Merit System.

However, we interpret the term "emolument" as used in A.R.S. § 38-601 to mean only a pecuniary profit. See State ex. rel. Pennick v. Hall, 26 Wash.2d 172, 173 P.2d 153 (1946) (overruled in part on another point in State ex rel. O'Connell v. Dubuque, 68 Wash.2d 553, 413 P.2d 972 (1966)); State ex rel. Todd v. Reeves, 196 Wash. 145, 82 P.2d 173 (1938). At one time emolument meant an advantage. See McLean v. United States, 226 U.S. 374, 33 S.Ct. 122, 57 L.Ed. 260 (1912); Scharrenbroich v. Lewis, 33 Mont. 250, 83 P. 482 (1905). But, that definition no longer applies. See State ex rel. Pennick v. Hall, *supra*; State ex rel. Todd v. Reeves, *supra*. We feel that vacation or compensatory time does not come within the definition of emolument and therefore does not violate § 38-601.

Furthermore, compensatory time is in accord with the spirit of the Arizona Constitution. We read Article 18, § 1 as meaning that eight hours constitutes a normal day's work, but does not prohibit an employee from working longer. Nevertheless, it seems clearly unfair to require the law enforcement officers to work longer without some compensatory measure. To do so unfairly enriches the state without benefit to the officers affected thereby. Compensatory time, like vacation time, is not a gratuity but is compensation granted for services rendered. Cf. Temple v. Pennsylvania Dept. of Highways, 445 Pa. 539, 285 A.2d 137 (1971); Ramey v. State, 296 Mich. 449, 296 N.W. 323 (1941).

We hold that the law enforcement officers are entitled to compensatory time under A.R.S. § 41-1741, subsec. D. It is therefore ordered that the officer charged with the duty of fixing salaries for law enforcement officers is directed to ascertain the time in excess of the normal eight hour work day which each of the plaintiffs and all other employees of the Arizona Department of Public Safety have worked from May 24, 1971 and to grant them compensatory time off, at regular salary. It is further ordered that a practical schedule for the granting of similar compensatory time off in the future be prepared and put into effect.

Because there is no statute authorizing pecuniary overtime compensation, however, we cannot grant the relief expressly sought by the petitioners. As we said in City of Phoenix v. Yates, *supra*:

" * * * if other employees than those doing manual or mechanical labor might, under the Constitution, be granted the benefits of the act, it is the duty of the Legislature to so provide, and, until it does so, the beneficiaries are limited to those mentioned in the statute." 69 Ariz. at 73, 208 P.2d at 1150.

As a result, this remains a matter for the Legislature and not for the courts.

The Court of Appeals decision of Arizona v. Boykin, 18 Ariz.App. 365, 502 P.2d 166 (1972) is hereby vacated. The case is remanded to the trial court for proceedings consistent with this opinion.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.