650 P.2d 511

Steven GILBERT, Roger Pattee, Thomas Maley, Ron Barbari, Kris Knudson, John Alexander, Bertram Scott, David Holyfield, Richard Manderville, Edward Allard and Mike Riley, Plaintiffs-Appellants,

v.

COUNTY OF MOHAVE, Arizona; David Rathbone, Mohave County Sheriff, Defendants-Appellees.

No. 1 CA–CIV 5528.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 19, 1982.

Wachtel, Biehn & Malm by Denis R. Malm, Lake Havasu City, for plaintiffs-appellants.

William J. Eckstrom, Jr., Mohave County Atty., Kingman, for defendants-appellees.

## OPINION

MEYERSON, Judge.

This appeal concerns the applicability of A.R.S. § 23–392 (Supp.1981) to overtime compensation claimed by former employees of the Mohave County Sheriff's Department. Twelve deputy sheriffs brought suit seeking payment from Mohave County (County) for overtime worked but for which no payment was received. The County, pursuant to its personnel policies, limited payment to each terminating employee to no more than eighty hours of accrued compensatory time.[1] Summary judgment was granted on behalf of the County and this appeal followed. We must decide whether the appellants' claim is governed by the County's personnel policies or A.R.S. § 23–392 (Supp.1981).

During the relevant period, the County had a policy which limited compensation for terminating employees to, among other things, payment for accrued compensatory time limited to eighty hours. The appellants worked overtime, at the direction of their employer, and accumulated in excess of eighty hours of compensatory time; they were denied compensation for all overtime worked in excess of eighty hours. They contend that the County's policy conflicts with A.R.S. § 23–392 (Supp. 1981) and is therefore void. We agree.

The issue of overtime compensation for law enforcement personnel in Arizona should be considered in light of the *Boykin* trilogy of cases. In *State v. Boykin,* 18 Ariz.App. 365, 502 P.2d 166 (1972) (*Boykin I*), the court held that employees of the Department of Public Safety could not recover compensation for overtime absent an enabling state statute. The opinion was vacated in *State v. Boykin,* 109 Ariz. 289, 508 P.2d 1151 (1973) (*Boykin* II), where our supreme court held that while overtime pay could not be authorized absent a state statute, compensatory time could be awarded because "it seems clearly unfair to require the law enforcement officers to work longer without some compensatory measure. To do so unfairly enriches the state without the benefit to the officers affected thereby." *Id.* at 294, 508 P.2d at 1156.

On remand, the trial court not only authorized compensatory time for those currently employed but also awarded payment

---

1. The County's policy also provided that "[n]o employee shall be eligible for compensatory time unless authorized by pertinent State and Federal statute."

for overtime worked for employees no longer on the payroll. Such employees, of course, could no longer benefit from compensatory time. The supreme court found that the trial judge's order was inconsistent with its holding in *Boykin* II. *State v. Boykin,* 112 Ariz. 109, 538 P.2d 383 (1975) (*Boykin* III). "To grant employees no longer on the payroll pecuniary compensation would violate A.R.S. § 38–601 because it would permit payment of a salary in excess of that provided by law. This would in effect allow payment of pecuniary overtime compensation without the necessary legislative authorization." *Id.* at 113, 538 P.2d at 387.

The necessary legislative authorization was provided upon the enactment of A.R.S. § 23–392 (Supp.1981). That statute provides in relevant part as follows:

A. Any person engaged in law enforcement activities shall be compensated, for each hour worked in excess of forty hours in one work week, at the option of such employer either at a rate of:

1. One and one-half times the regular rate at which he is employed; or

2. One hour of compensatory time off in lieu of cash payment.

Deputy sheriffs, such as the appellants, are considered persons engaged in law enforcement activities under Section B. A.R.S. § 23–392.B (Supp.1981). Thus, the statute requires that covered law enforcement personnel receive compensation for overtime work. *Compare* A.R.S. § 23–392.A. (Supp. 1981) *with* A.R.S. § 23–391.A. (Supp.1981). The employer is given the option, however, of meeting that obligation either through payment of time and one half or the granting of compensatory time off.

Particularly in light of *Boykin* III, A.R.S. § 23–392 (Supp.1981) clearly reflects the legislature's desire to insure that law enforcement personnel receive compensation, either in the form of payment or compensatory leave, for overtime worked. The County's arbitrary limitation which restricts that compensation to only eighty hours of accrued compensatory leave therefore conflicts with the statute.

We hold that A.R.S. § 23–392 (Supp.1981) supersedes the County's personnel policies because the subject of compensation to law enforcement personnel is of "statewide concern, and the legislature has appropriated the field by enacting a statute pertaining thereto, . . ." *Phoenix Respirator and Ambulance Service, Inc. v. McWilliams,* 12 Ariz.App. 186, 188, 468 P.2d 951, 953 (1970). Our courts have consistently held that the subject of compensation for public employees is a matter of statewide policy. *E.g., City of Phoenix v. Kidd,* 54 Ariz. 75, 92 P.2d 513 (1939); *State v. Jay J. Garfield Bldg. Co.,* 39 Ariz. 45, 3 P.2d 983 (1931).

It is also well established that a county "must act not only within the limits of the power granted it by the legislature, but must also comply with the statutory requirements prescribed by the legislature." *Mohave County v. Mohave-Kingman Estates, Inc.,* 120 Ariz. 417, 420, 586 P.2d 978, 981 (1978). *E.g., Davis v. Hidden,* 124 Ariz. 546, 548, 606 P.2d 36, 38 (1979) ("[T]he law-making powers of counties are entirely derivative."); *County of Maricopa v. Anderson,* 81 Ariz. 339, 343, 306 P.2d 268, 271 (1957) ("A county is a creature of the state . . . .").

Thus, we find that the matter of compensation to law enforcement personnel in Arizona is one of statewide concern and we further find that the legislature has appropriated the field by virtue of A.R.S. § 23–392 (Supp.1981). The County's policy of limiting payment for overtime to eighty hours of accrued compensatory time to terminating employees conflicts with A.R.S. § 23–392 (Supp.1981), which contains no such limitation, and is therefore void as it applies to law enforcement personnel.

The trial court, in granting the County's motion for summary judgment, relied upon *Lim v. Motor Supply, Ltd.,* 364 P.2d 38 (Hawaii 1961). In *Lim,* the employee was hired as a department manager for an indefinite period and his contract of employment stated the usual company policy of annual vacations of two weeks would apply. After several years, he was discharged at

which time he had accumulated vacation leave. The court held that he had no right to receive payment for his accumulated vacation time. The court found that there was an "obvious distinction between a privilege to accumulate vacation time from year to year, and a right to be paid for the accumulated vacation if not enjoyed." *Id.* at 43.

As opposed to the appellants here, the plaintiff in *Lim* "was not under the protection of any wage and hour law ...." *Id.* at 44. Thus, the holding in *Lim* cannot govern the instant case because here there is an express statutory requirement that law enforcement personnel receive some form of compensation, including monetary compensation, for hours worked in excess of forty per week. This court has recently held that "public employees' benefits are not gratuities but are vested rights in the nature of deferred compensation." *Godbey v. Roosevelt School District No. 66 of Maricopa County*, 131 Ariz. 13, 638 P.2d 235, 243 (Ct.App.1981). The Arizona Legislature gave appellants the express right to be compensated for their overtime work in service

to the public. Mohave County cannot take that away.

The Arizona Legislature has mandated that law enforcement personnel receive compensation for overtime worked. In the case of a terminating employee, where it is not possible to grant compensatory time, such employee must be paid at time and one-half.[2] The County's arbitrary limitation restricting pay to eighty hours of accrued compensatory time conflicts with the foregoing statewide policy as expressed in A.R.S. § 23–392 (Supp.1981).

The judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.

KLEINSCHMIDT, Acting P. J., and GREER, J., concur.

---

**2.** Our holding will not prevent the County from limiting compensatory time which can be accrued. The Arizona State Personnel Board has adopted such a rule. Ariz.Admin.R. & R. R2–5–601.K.

The County's personnel policies established no guidelines with respect to the amount of compensatory time which could be accrued. As a result, deputy sheriffs could accumulate unlimited compensatory time, with the implicit approval of the County, but be deprived of compensation for their overtime work because the County restricted payment upon termination to only eighty hours.