[Civil No. 4115.   Filed December 11, 1939.]

[96 Pac. (2d) 752.]

STATE OF ARIZONA and PIMA COUNTY, Appellants, v. V. S. GRIFFITH and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Corporation, Appellees.

Mr. J. Mercer Johnson, County Attorney, and Messrs. Houston & Dodd, for Appellants.

Mr. O. T. Richey, for Appellee Griffith.

Messrs. Bilby & Shoenhair and Mr. Harold C. Warnock, for Appellee Fidelity and Deposit Company of Maryland.

Mr. Floyd M. Stahl, for Maryland Casualty Company.

LOCKWOOD, J.—This is an action by the State of Arizona and Pima County, hereinafter called plaintiffs, against V. S. Griffith as the former assessor of Pima County, and his official bondsman, Fidelity and Deposit Company of Maryland, a corporation, hereinafter called defendants, to recover certain moneys which were received by defendant Griffith during his term as county assessor and never accounted for. Three other cases of a similar nature were filed, the only difference being as to the periods of time covered thereby and the name of the bondsman. All of these cases were consolidated for trial, and since the legal issues involved and the judgment are the same in all cases, it was stipulated that the decision by this court in the present case shall be applicable to the other three.

After several dilatory motions were made, defendants answered, setting up several defenses. The first denied any defalcation; the second set up the statute of limitations, and the third raised the issue of *res judicata* as a result of the decision of this court in

the case of *Griffith et al* v. *State,* 41 Ariz. 517, 20 Pac. (2d) 289, 293. The court sustained the plea of *res judicata,* whereupon plaintiffs appealed.

There are a number of assignments of error, but we think we need consider only the one which raises the question of *res judicata.* It is the contention of defendants that this plea is sustained by the judgment of this court in the case of *Griffith* v. *State, supra.* The record in regard thereto shows the following facts: On June 15, 1929, there was filed in the superior court of Pima County by the State of Arizona, acting for itself and on behalf of Pima County, and against the defendants herein, a case involving the identical factual situation that is involved in the present case. Defendants answered therein, setting up the one-year statute of limitations as a bar to the action. When the case came on for trial that defense was overruled and judgment eventually rendered for plaintiff. An appeal was thereupon taken to this court, and, among other matters, it was assigned as error that the trial court erred in overruling the defense that the action was barred by the one-year statute of limitations, which includes, among other things, "an action upon a liability created by statute, other than a penalty or forfeiture". Paragraph 709, subdiv. 3, Rev. Stats. Ariz. 1913 (Civ. Code). Upon an examination of the record, we held that the action was based upon a liability created by statute, and that since the complaint showed the money which it was alleged had been converted by defendant Griffith was taken more than one year before the action was brought, the statute had run, unless there was an exception taking it out of the rule. We further held that since the complaint alleged that the money was converted fraudulently, and as a breach of trust, that the statute did not begin to run until the discovery by the plaintiff of the facts which gave a

right of action.   After this, we continued in the opinion as follows:

" . . . We hold, therefore, that the state of Arizona had the right to maintain its action, and that, if it appears from the pleadings and evidence that the alleged fraudulent conversion was not discovered until less than a year before the commencement of the present action, the plea of statute of limitations would not be available.   When, however, defendant did plead the statute of limitations in bar of the action, if plaintiff wished to take advantage of the rule it should have replied to the plea in bar by alleging that, notwithstanding the defalcation complained of occurred more than one year before the filing of the action, it had not been discovered by plaintiff until less than a year before the action was begun, and the reply would have been good as against a demurrer.   In the absence of such a reply, the court should have sustained the plea in bar of the one-year statute of limitations.   For this reason it is necessary that the case be remanded, and, if plaintiff desires to reply as we have indicated, the issues should be retried on the principles we have set forth in this opinion."

and the case was remanded with instructions to grant a new trial in accordance with the rule laid down above. The mandate of the court was in the following language:

"It is ordered by this court that the judgment of said Superior Court in this cause of July 25, 1931, be and the same is hereby reversed, and the cause remanded for a new trial, appellee, (State of Arizona, acting for itself and on behalf of Pima County, Arizona) to have thirty days from the receipt of the mandate in the lower court in which to amend its complaint to conform with this opinion (dated March 21, 1933); and if appellee fails to make such amendment within thirty days, it is Ordered that this case be dismissed. Costs of this court to said appellants."

After this mandate was received in the superior court, the plaintiff did not amend its complaint, but did

file a reply to the plea of defendants setting up the statute of limitations, stating in such reply when it had first obtained knowledge of the defalcations. According to the reply, this knowledge had been secured considerably more than one year prior to the institution of the action. Upon this, defendants moved the court to dismiss the action in accordance with the mandate of this court. Before the superior court ruled upon this motion, plaintiff filed a motion to dismiss the case *without prejudice*. Defendants objected thereto, but notwithstanding, the superior court entered a judgment dismissing the action *without prejudice*. Thereafter nothing was done in regard to the matter until shortly after the opinion of this court in the case of *City of Bisbee* v. *Cochise County,* 52 Ariz. 1, 78 Pac. (2d) 982, which was rendered on April 25, 1938. In that case we held, in substance, that no statute of limitations applied to an action by the state, or one of its municipalities, to recover money which was the proceeds of taxes due in whole or in part to the state. Shortly thereafter the present action was filed.

The first, and indeed practically the only, question is whether the judgment of this court in *Griffith* v. *State, supra,* was *res judicata* as to the issues involved in the present case. It is admitted by defendants that if the judgment of the superior court dismissing the action *without prejudice* was within its jurisdiction, the plea of *res judicata* cannot be sustained. It is conceded by plaintiffs that if the addition of the words "without prejudice" is in excess of the jurisdiction of the superior court, but the remainder of the judgment is valid, it is *res judicata* as to all questions which were, or which could have been, litigated in *Griffith* v. *State, supra,* which of course includes the issue of the statute of limitations.

■■ The answer to the question depends on the construction of the opinion and mandate of this court

in the case above cited, and whether the superior court has jurisdiction to render any judgment differing from that which it is ordered by this court to render. So far as the last point is concerned, we think it is definitely determined in this jurisdiction by the case of *State* v. *Superior Court,* 22 Ariz. 452, 197 Pac. 537, 539. Therein we said:

''A judgment of this court imports absolute verity. It must be regarded as free from all error. It is final and conclusive upon the superior courts and the judges thereof, and they may not question such judgment, neither are they permitted to hamper or impede the due and timely execution of such judgment.

'' . . . The rule is, when a judgment is affirmed by this court, all questions raised by the assignments of error and all questions that might have been so raised are to be regarded as finally adjudicated against the appellant. . . .

'' . . . It is obvious that any other view would tend to bring about a deadly conflict between the jurisdiction and power of this court and the jurisdiction and power of the superior court or the judge thereof, and would necessarily result in hampering and impeding the administration of the law and bring the law into disrepute and disfavor and deprive it of the respect and reverence of the people of the state. This must not be. It cannot be. . . . ''

The superior court, therefore, was absolutely without jurisdiction to render a judgment differing in one jot or tittle from that which this court directed it to render.

The sole matter remaining then for our consideration is, what was the meaning and effect of the opinion and mandate of this court in *Griffith* v. *State, supra?* Upon reading the quotations therefrom above set forth, we think only one conclusion can be reached as to what we directed the superior court to do. It was this: If plaintiff could, and did, amend its pleadings to show that the fraud was not discovered until

less than one year before the bringing of the action, the court should then proceed to a trial on the merits. If, on the other hand, plaintiff failed to amend its pleadings to so show, the action was to be dismissed on the merits, for without such an allegation, plaintiff could not possibly recover. The record shows that the amended pleadings filed by plaintiff showed affirmatively that under the rule laid down by us the statute of limitations had run. Such being the case, under no circumstances could plaintiff recover, and it was the imperative duty of the trial court to sustain the plea of the statute and dismiss the action on the merits. The addition, therefore, of the words "without prejudice" which imply as a matter of law that the dismissal was not on the merits, was beyond the jurisdiction of the superior court and mere surplusage, and had no effect upon its judgment which, so far as valid, was necessarily an outright dismissal on the merits. *Portland & O. C. R. Co.* v. *Doyle,* 86 Or. 206, 167 Pac. 270, 168 Pac. 291; *Henlig* v. *Johnson,* 8 Cal. App. 221, 96 Pac. 390; *Barthrop* v. *Tucker,* 29 Wash. 666, 70 Pac. 120. We hold, therefore, that the judgment in *Griffith* v. *State, supra,* is *res judicata* in this case as to whether the present case is barred by the statute of limitations.

The judgment of the superior court of Pima County is affirmed.