ELLEN ROUSE v. KING SOLOMON ROUSE, EXECUTOR OF THE ESTATE OF W. W. ROUSE, DECEASED, AND KING SOLOMON ROUSE, INDIVIDUALLY, AND BOURBON BLAKE ROUSE, ELBA JEANETTE ROUSE AND CLIN-TON WOODLEY ROUSE, MINORS, BY W. A. ALLEN, JR., GUARDIAN AD LITEM.

(Filed 11 November, 1953.)

**1. Appeal and Error §§ 10a, 31b—**

When appellant relies solely upon his exception to the judgment entered, the record proper constitutes the case on appeal, and therefore appellee's motion to dismiss for failure of appellant to serve a case on appeal will be denied.

**2. Appeal and Error § 51a—**

After decision was rendered, the unsuccessful party petitioned for rehearing. The petition was denied. Thereafter judgment was entered in the lower court in accordance with the opinion, and an appeal therefrom was taken. *Held:* The denial of the petition to rehear put an end to the case, and the judgment appealed from is affirmed.

**3. Wills § 44—**

Plaintiff widow contended that her personal property had been used by her husband in the improvement of his realty. The will bequeathed her all the personal property with the exception of one piano and devised her a life estate in the realty. *Held:* By electing to accept the devise and bequest under the will, she is estopped from asserting the debt or claiming a lien on the realty.

APPEAL by plaintiff from *Grady, Emergency Judge,* April Term, 1953, LENOIR. Affirmed.

This cause was here on former appeal, *Rouse v. Rouse,* 237 N.C. 492, 75 S.E. 2d 300. Plaintiff alleges that her husband, before his death, received $1,000 in cash which belonged to her as a part of her separate estate and that he invested said sum in the construction of a combination residence and store building located on his land. He thereafter died, leaving a last will and testament in which he devised his real estate—including the combination residence and store—to plaintiff for life. He also bequeathed to her all his personal estate except one piano. In his will he also directed his executor to pay all his just debts.

"At the time of the calling of the above captioned proceeding for trial (on the original hearing), the plaintiff and the defendants, through their respective attorneys of record . . . did . . . agree that in the event the jury answered the issues in favor of the plaintiff, the amount of damages plaintiff would be entitled to recover of the defendants would be determined by the court as being $1,000, with interest from May 3, 1935."

There was a verdict for plaintiff on the original appeal. We reversed.

At the April Term 1953, defendants moved for judgment in accord with the opinion certified from this Court. The motion was allowed and the court below entered judgment "that the plaintiff take nothing in this action" and that defendants recover their costs. Plaintiff excepted and appealed.

*Jones, Reed & Griffin for plaintiff appellant.*
*Allen, Allen & Langley for defendant appellees.*

BARNHILL, J. On this appeal plaintiff relies on her exception to the signing of the judgment entered in the court below. No case on appeal was required. The record proper constitutes the case on appeal. *Wilson v. Chandler, ante,* p. 401; *In re Suggs, ante,* p. 413. Hence the motion of defendants to dismiss the appeal for failure of plaintiff to serve a case on appeal is without merit and is denied.

On the original appeal plaintiff argued that (1) she is entitled to judgment in the sum of $1,000; (2) she is entitled to an equitable lien on the combination residence and store building property as security for the payment of the amount alleged to be due; and (3) the acceptance by her of the devise and bequest made to her by her husband in his last will and testament does not constitute an election or estop her from now asserting the debt and the lien. This Court adopted the contrary view.

If plaintiff conceived there was error in the original opinion, her remedy was by petition to rehear. She was so advised. Within the time allowed by Rule 44, Rules of Practice in the Supreme Court, 221 N.C. 570, she petitioned for a rehearing. In her petition she again presented these questions for consideration and contended that there was error in the conclusions of the Court in respect thereto. In her petition she stressed her contention that she is at least entitled to a judgment for the alleged debt and "mended her lick" by citing additional authorities. The petition was denied.

She now seeks to present the identical questions for review. Thus this appeal is nothing more than an attempt to have the Court again review and rehear the original appeal. This is contrary to the usual practice and procedure of the courts. The denial of the petition to rehear put an end to the case.

There must be an end to litigation. Causes must be heard and disposed of in accord with well-recognized rules of procedure. Departure therefrom would tend to produce confusion and uncertainty in the administration of justice.

It is true that when a testator makes a devise or bequest to one of his creditors equal to or greater in value than the debt and, at the same time, specifically directs the payment of his debts, the creditor is not ordinarily

put to an election whether he will accept the benefits and forego his debt, or reject the gift and insist upon the payment of the amount due him. 57 A.J. 1076, '77; Anno. 86 A.L.R. 23; *Perry v. Maxwell,* 17 N.C. 488; *Dey v. Williams,* 22 N.C. 66.

However, that rule may not be invoked on the facts in this case. Plaintiff had the right to trace the trust fund to the property in the improvement of which the fund had been invested. Here such real estate was devised to her for life. She elected to take the property, so improved. The personal property of decedent is primarily liable for the payment of his debts. Nothing else appearing, plaintiff would have had the right to demand that the personal property belonging to her husband's estate be sold to satisfy her claim. Her husband bequeathed to her all his personal estate except one piano, and she accepted the gift. If she is seeking an opportunity to sell the one piano not bequeathed to her, it might well be said that the case comes within the maxim *de minimis non curat lex.*

In this connection it is a significant fact that neither the original record nor the one now before us makes it appear that the personal estate of the testator is not amply sufficient to satisfy plaintiff's claim.

The judgment entered in the court below is in strict accord with the mandate of this Court, and it must be

Affirmed.