302 P.2d 944

Charles GUSICK, Appellant,

v.

Frank EYMAN, Warden, State Penitentiary,. Florence, Arizona, Appellee.

No. 6220.

Supreme Court of Arizona.

Oct. 30, 1956.

Francis J. Brown, Phoenix, for appellant.

Robert Morrison, Atty. Gen., James H. Green, Jr., Sp. Asst. to Atty. Gen., for appellee.

PHELPS, Justice.

Appellant Gusick states that this is an appeal by him to this court from an order entered by Judge Thomas sitting in the Superior Court of Pinal County, dismissing appellant's petition for a writ of habeas corpus, pursuant to the mandate of this court in the case of State ex rel. Jones v. Superior Court, 78 Ariz. 367, 280 P.2d 691.

An examination of the decision in that case clearly shows that the questions presented there and the questions presented here are basically the same. The arguments presented in the prior case and all questions raised, including the alleged denial of due process of law, are essentially the same as presented here. We considered and decided the due process of law question in our prior opinion, and pointed out that none of the grounds upon which defendant based his claim of a lack of due process, either under the State or Federal Constitution, had any validity on the record presented. Our previous opinion held that appellant's application for said writ of habeas corpus failed to state grounds justifying the issuance thereof and hence,

the trial court was without jurisdiction to issue the same. We remanded the case to the trial court with instructions to dismiss. In the last analysis, therefore, we hold that the attempted appeal in the instant case is not an appeal from an order of the trial court but in fact an attempt to appeal to this court from its own judgment and mandate. Stewart v. Salamon, 97 U.S. 361, 24 L.Ed. 1044. See, also, Rouse v. Rouse, 238 N.C. 568, 78 S.E.2d 451. There are many other cases to the same effect.

In Woodward v. Perkins, 119 Mont. 11, 171 P.2d 997, at page 1001, the court said:

"The general rule is that no appeal lies from a judgment entered in an inferior court pursuant to and in substantial compliance with the mandate of the appellate court." (Citing many cases.)

In Standard Accident Ins. Co. v. Allen, 38 Ariz. 173, 177, 298 P. 406, 407, we said:

"Right or wrong, the mandate of this court was the measure of power in the trial court. This seems to be the universal rule."

See: Mountain Home Lumber Co. v. Swartwout, 33 Idaho 737, 197 P. 1027. In State v. Griffith, 54 Ariz. 436, 441, 96 P.2d 752, 754, we said:

"The superior court, therefore, was absolutely without jurisdiction to render a judgment differing in one jot or tittle from that which this court directed it to render."

█ █ The above, in other words, means that it is the judgment of this court and not that of the trial court that is controlling. This is in accord with the decisions both in Idaho and Montana that an order of a trial court entered pursuant to the mandate of the appellate court is ministerial rather than judicial. The courts enumerating this rule base it upon the obvious need to put an end to litigation in accordance with well-recognized rules of procedure. Justice demands that the litigation of a controversy must reach an end. It follows that appellant had no right of appeal to this court in the instant matter.

Appeal dismissed.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.