538 P.2d 383

STATE of Arizona and James J. Hegarty, in his official capacity as Director of the Department of Public Safety, Appellants and Cross-Appellees,

v.

Richard J. BOYKIN, Garrett C. Robb, Terry Lee Kennedy and Arthur Gene Anderson, Individually and on behalf of all other persons similarly situated, Appellees and Cross-Appellants.

No. 11092–2.

Supreme Court of Arizona, In Banc.

July 16, 1975.

action the officers alleged that they were required to work in excess of eight hours a day without receiving "overtime" for the work performed.

In *Boykin v. State*, 109 Ariz. 289, 508 P. 2d 1151 (1973), we held that while "this is properly a class action" under Rule 23 of the Arizona Rules of Civil Procedure, 16 A.R.S., the officers' reliance on Article 18, § 1 of the Arizona Constitution, A.R.S. as conferring a right to "overtime" pay was misplaced. That provision reads:

> "Eight hours and no more, shall constitute a lawful day's work in all employment by, or on behalf of, the State or any political subdivision of the State. The Legislature shall enact such laws as may be necessary to put this provision into effect, and shall prescribe proper penalties for any violations of said laws."

In *Boykin* we stated that this provision is not self-executing and that the second sentence meant "that the Legislature must act to provide the right as well as the remedy."

Neither A.R.S. § 28–235, dealing with the duties of the Law Enforcement Merit System Council, nor A.R.S. § 41–1741, which enumerates the duties of the Director of D.P.S. regarding the compensation of employees, serves to execute Article 18, § 1. These statutes clearly indicate the final decision regarding the salary plan for employees subject to Merit System Council jurisdiction is relegated to the Legislature.

The Director of the Department of Public Safety is not authorized to pay any amounts as compensation which have not been approved by both the Council and the Legislature.

The officers' request for quantum meruit recovery of overtime wages was denied because of our long standing rule against the allowance of such claims in the absence of a statute authorizing that type of action. *Kerby v. State,* 62 Ariz. 294, 157 P.2d 698 (1945). To permit "time and a half" for work in excess of eight hours a day would violate the Legislature's prohibition against

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., Fred W. Stork, John S. O'Dowd, Asst. Attys. Gen., Phoenix, for appellants and cross-appellees.

Miller, Pitt & Feldman, P. C., by David J. Leonard, Tucson, for appellees and cross-appellants.

LOCKWOOD, Justice:

Appellees, law enforcement officers in the Arizona Department of Public Safety, brought suit in 1971 against the acting director of the Department, James J. Hegarty, and the State of Arizona. In that

payment to state employees of any salary or emolument in excess of the salary provided by law. A.R.S. § 38–601. In *Boykin* we concluded that "the law enforcement officers are entitled to compensatory time" as "it seems clearly unfair to require the law enforcement officers to work longer without some compensatory measure." We added:

> "It is therefore ordered that the officer charged with the duty of fixing salaries for law enforcement officers is directed to ascertain the time in excess of the normal eight hour work day which each of the plaintiffs and all other employees of the Arizona Department of Public Safety have worked from May 24, 1971 and to grant them compensatory time off, at regular salary. It is further ordered that a practical schedule for the granting of similar compensatory time off in the future be prepared and put into effect.
>
> "Because there is no statute authorizing pecuniary overtime compensation, however, we cannot grant the relief expressly sought by the petitioners. * * * As a result, this remains a matter for the Legislature and not for the courts." 109 Ariz. at 294, 508 P.2d at 1156.

The present controversy arose after *Boykin* was "remanded to the trial court for proceedings consistent with this opinion." After several conferences the opposing parties were able to agree on a proposed form of judgment which contained a plan to grant present Department of Public Safety employees hour for hour compensatory time off for each hour worked in excess of eight hours per day since May 24, 1971, and in the future. The parties were unable to agree whether employees who terminated between May 24, 1971, and April 18, 1973, the date of our decision in *Boykin,* were entitled to compensation. In addition, the state resisted the defendants' demand that they be awarded the reasonable value of attorneys' fees incurred in maintaining the action. In its judgment

the trial court ordered that the terminated employees be paid at regular salary for any uncompensated overtime and that the state pay $25,000 to counsel for the employees "as attorneys fees for representation of the class."

The state's first contention on appeal is that the trial court lacked authority under the terms of the mandate to award compensation to employees who terminated before April 18, 1973, and that the award constituted cash overtime in the absence of the requisite legislative approval. The defendants contend, on the other hand, "that exclusion of terminated employees would violate the mandate, common sense and fundamental principles of fair play."

In appendix B 2 of its judgment the trial court stated:

"Reduction of Compensatory Time
"Balances on Termination

"1. Upon all terminations of any employees after May 24, 1971, the Department shall permit said employees to take the entire balance of their accumulated compensatory time in one continuous unit so that the employee shall receive his regular salary for the period during which the accumulated compensatory time balance is permitted to run out.

"2. This policy shall apply to all employees who terminate or have terminated since May 24, 1971. Further, as to those employees who have already terminated as of the date of this order and who on termination had accumulated compensatory time balances as computed under the Policy on Overtime, the Department shall treat the date of termination as being the date upon which the accumulated compensatory time balance ran out after the last day for which salary was paid, and the Department shall pay the Employee such salary forthwith."

■ The appellants' argument that the trial court was precluded from dealing with points other than those specifically mentioned in *Boykin* is without merit in

view of our general direction that the matter be "remanded to the trial court for proceedings consistent with this opinion." This conclusion does not alter the fact that "an order of a trial court entered pursuant to the mandate of the appellate court is ministerial rather than judicial." Gusick v. Eyman, 81 Ariz. 182, 302 P.2d 944 (1956).

> "The superior court, therefore, was absolutely without jurisdiction to render ʹa judgment differing in one jot or tittle from that which this court directed it to render." *State v. Griffith,* 54 Ariz. 436, at 441, 96 P.2d 752, at 754 (1939). See *State v. Federico,* 104 Ariz. 49, 448 P.2d 399 (1968).

In conjunction with our general remand order the trial court was authorized to take whatever action it deemed necessary to give effect to the decision of this court. *Harbel Oil Co. v. Superior Court of Maricopa County,* 86 Ariz. 303, 345 P.2d 427 (1959); *Vargas v. Superior Court of Apache County,* 60 Ariz. 395, 138 P.2d 287 (1943). The cases cited by the State merely stand for the proposition that the trial court is restricted in its discretion when faced with a mandate containing specific directions. *Pacific Greyhound Lines v. Brooks,* 70 Ariz. 339, 220 P.2d 477 (1950); *State v. Griffith, supra.*

The appellants are correct, however, in their assertion that the trial court's award in favor of employees who terminated before April 18, 1973, is inconsistent with our holding in *Boykin.* Our holding that "each of the plaintiffs and all other employees of the Department of Public Safety [who] have worked from May 24, 1971" be granted "compensatory time off, at regular salary" was meant to apply only to present employees. This fact should have been obvious from our conclusion that "[b]ecause there is no statute authorizing pecuniary overtime compensation * * * we cannot grant the relief expressly sought by the petitioners." To grant employees no longer on the payroll pecuniary compensation would violate A.R.S. § 38–601 because it would permit payment of a salary in excess of that provided by law. This would in effect allow payment of pecuniary overtime compensation without the necessary legislative authorization. *City of Phoenix v. Yates,* 69 Ariz. 68, 208 P.2d 1147 (1949); Ariz.Const. Art. 18, § 1. The trial court's attempt to evade the problem by altering the actual termination dates according to the amount of accumulated and unused overtime hours is nothing more than an effort to avoid this seemingly harsh result. The assertion by the appellees and the trial judge that it is unfair not to compensate employees who terminated prior to our decision in *Boykin* causes us to repeat our earlier statement that "this remains a matter for the Legislature and not for the courts."

The appellants' second contention is that the trial court erred in awarding counsel for the officers $25,000 as attorneys' fees for representation of the class. After listening to oral arguments and reviewing the memoranda submitted the trial judge concluded "the Court * * * has inherent power to award attorneys' fees in this class action."

We have repeatedly affirmed our support of the general rule on this point:

> "It is fundamental, of course, that attorney's fees are not recoverable in an action unless provided for by contract or statute." *Commercial Standard Insurance Co. v. Cleveland,* 86 Ariz. 288, 294, 345 P.2d 210, at 215 (1959). See *Farm & Auto Supply v. Phoenix Fuel Co.,* 103 Ariz. 344, 442 P.2d 88 (1968).

There are several exceptions to this rule. We have recognized the right of a party to recover attorneys' fees incurred in dissolving a wrongful injunction or writ of attachment. *United States Fidelity & Guaranty Co. v. Frohmiller,* 71 Ariz. 377, 227 P.2d 1007 (1951). In *Frohmiller* we also suggested that a plaintiff would be able to recover attorney's fees from a defendant who wrongfully caused the plaintiff to be involved in litigation with a third party in order to protect his interests. A shareholder may recover attorneys' fees from

the defendant corporation in a derivative suit against the corporation or against a third party to recover misappropriated property on the theory that all the shareholders should share the expense of obtaining the benefit conferred upon them. *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); *Zeckendorf v. Steinfeld,* 12 Ariz. 245, 100 P. 784 (1909). Attorneys' fees may also be awarded for protecting or creating a fund in a class action. *Mills v. Electric Auto-Lite Co., supra; Central Railroad & Banking Co. v. Pettus,* 113 U.S. 116, 5 S. Ct. 387, 28 L.Ed. 915 (1885). These cases are not applicable to this controversy, however, as the fees are assessed against the fund and not the opposing party, as the appellees seek to do here.

█ A narrow line of cases support the proposition that attorneys' fees may be recovered from the adverse party where government officials have been "unreasonable and obstinate" and have refused in bad faith to abide by the clear dictates of the law. *Bell v. School Board of Powhatan County,* 321 F.2d 494 (4th Cir. 1963); *Dyer v. Love,* 307 F.Supp. 974 (D.C.Miss. 1969). These cases, however, deal almost exclusively with civil rights matters and involve fact situations where the plaintiff successfully litigated the case. In the instant controversy it was the State who was largely successful on the merits, blocking the appellee's attempt to obtain pecuniary compensation for overtime hours worked. The record contains no evidence of bad faith conduct on the part of State officials. Closely resembling this theory for the recovery of attorneys' fees against an adverse party is the "private attorney general" doctrine. *Wilderness Society v. Morton,* 161 U.S.App.D.C. 446, 495 F.2d 1026 (1974); *Roe v. Arizona Board of Regents,* 23 Ariz.App. 477, 534 P.2d 285 (1975). Again, however, this theory is not appropriate here as the appellees were not pressing their claim in hopes of directing "substantial benefits to the general public." *Wilderness Society v. Morton, supra.*

We find that the trial court's order awarding attorneys' fees to the appellees on the basis of its "inherent power" to do so constituted an abuse of discretion and it is hereby vacated. To hold otherwise would virtually abolish the general rule against such awards. See *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

## CROSS-APPEAL

The cross-appellants' request that we instruct the trial court to identify and notify individual members of the class of the terms of the trial court's judgment entered pursuant to our mandate in *Boykin.* Rule 23(c)(3) of the Arizona Rules of Civil Procedure states:

"The judgment in an action maintained as a class action under subdivision (b)(1) or (b)(2), whether or not favorable to the class, shall include and describe those whom the court finds to be members of the class. * * *"

Rule 23(d)(2) states:

"23(d) Orders in conduct of actions. In the conduct of actions to which this rule applies, the court *may* make appropriate orders: * * * (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action * * *." (Emphasis added.)

██ The giving of notice in this class action under Rule 23, including 23(d)(2) quoted above, is left to the sound discretion of the trial court and will not be disturbed except upon a showing that the minimum notice required to satisfy due process guarantees was not provided. See *Northern Natural Gas Co. v. Grounds,* 292 F.Supp. 619 (D.Kan.1968); cert. denied

404 U.S. 951, 92 S.Ct. 268, 30 L.Ed.2d 267 (1971); *Snyder v. Board of Trustees of Univ. of Ill.,* 286 F.Supp. 927 (N.D.Ill. 1968). We find that the trial court has adequately complied with both the terms of our mandate in *Boykin* and Rules 23(c)(3) and 23(d)(2). In its judgment the trial court ordered:

"1. * * *

"2. That Defendant James J. Hegarty in his official capacity as Director of the Department of Public Safety ascertain the time in excess of the normal eight hour workday which each of the Plaintiffs and other employees of the Arizona Department of Public Safety have worked from May 24, 1971 and grant them compensatory time off at regular salary, and that Defendants may fairly and adequately ascertain said overtime by utilizing computer printouts of said overtime based upon information supplied said computer from employee's weekly reports of time and activity since May 24, 1971.

"3. That Defendant James J. Hegarty in his official capacity as Director of the Department of Public Safety notify each employee of the overtime balances as computed in the manner described in the preceding paragraph."

Subsection (2) of the judgment uses language almost identical to that used in *Boykin.* Our additional instruction that "a practical schedule for the granting of similar compensatory time off in the future be prepared" is complied with in appendices A through B 2 of the trial court's judgment. The judgment and accompanying appendices clearly "includes and describes" those whom the court found to be members of the class as required by Rule 23(c)(3). Rule 23(d)(2) merely provides that a court "may" issue certain orders giving notice to the class. We find no abuse of discretion in its failure to do so.

The case is remanded to the trial court with directions that the portions of the judgment awarding attorneys' fees and compensation to employees who terminated

before April 18, 1973, the date of our decision in *Boykin,* be vacated.

CAMERON, C. J., and HAYS and HOLOHAN, JJ., concurring.

STRUCKMEYER, V. C. J., did not participate in the determination of this matter.