601 P.2d 1357

Edward G. SCATES and Rozella Castillo, **Plaintiffs-Appellants,**

v.

**ARIZONA CORPORATION COMMIS-SION; Al Faron, Bud Tims and Ernest Garfield, Members of the Arizona Corporation Commission; Mountain States Telephone and Telegraph Company, Defendants-Appellees.**

No. 1 CA–CIV 4554.

Court of Appeals of Arizona, Division 1, Department B.

Oct. 18, 1979.

---

Brown & Bain, P. A. by Paul F. Eckstein, and Arizona Center for Law in the Public Interest by Bruce Meyerson, Phoenix, for plaintiffs-appellants.

Robert K. Corbin, Atty. Gen. by Charles S. Pierson, Thomas Prose, Asst. Attys. Gen., Phoenix, for defendants-appellees Arizona Corp. Commission, Al Faron, Bud Tims and Ernest Garfield.

Fennemore, Craig, von Ammon and Udall, P. C. by C. Webb Crockett, George T. Cole, Phoenix, for defendant-appellee Mountain States Tel. & Tel. Co.

## OPINION

JACOBSON, Acting Presiding Judge.

This appeal raises the issue of the appealability of a judgment of the superior court entered pursuant to a mandate of this court after appeal.

On February 3, 1978, this court entered its opinion in *Scates v. Arizona Corporation Commission*, 118 Ariz. 531, 578 P.2d 612 (1978). In that opinion this court held that the Arizona Corporation Commission's approval of an application by Mountain States Telephone and Telegraph Company for rate increases was in violation of Arizona's constitutional provisions regarding rate making. Accordingly, the judgment of the superior court upholding the Commission's approval of the rate increase was reversed and the superior court was instructed to set aside the order of the Corporation Commission allowing the increase.

Following the entry of that opinion, appellants Edward G. Scates and Rozella Castillo petitioned this court for an order for costs and requested that this court award them attorneys' fees out of a "common fund" allegedly created by this court's opinion. On March 30, 1978, this court entered an order allowing costs, but denying attorneys' fees. In pertinent part, that order stated:

"IT IS FURTHER ORDERED denying appellants' request for attorneys' fees as inappropriate for consideration by this Court at this time and more appropriate for collateral court proceedings after the nature and extent of a common fund has been determined."

Following denial of a motion for rehearing by this court and denial of a petition for review by the Arizona Supreme Court, on May 11, 1978 this court issued its mandate. The pertinent portions of that mandate recited:

"NOW THEREFORE, YOU ARE COMMANDED that such proceedings be had in said cause as shall be required to comply with the opinion of this Court, a copy of the opinion being attached hereto."

The opinion itself provided:

"For the foregoing reasons the judgment of the Superior Court is reversed and the matter is remanded with instructions to set aside the order of the Corporation Commission entered December 2, 1975." 118 Ariz. at 538, 578 P.2d at 619.

Upon remand to the superior court, appellants submitted a motion for relief pursuant to mandate urging the trial court to include in its judgment on mandate directions to the Commission to grant a refund to Mountain States' customers aggrieved by the invalidly authorized rate increase and to award attorneys' fees out of the "common fund" created thereby. The trial court denied the relief requested and entered a judgment on mandate setting aside the Corporation Commission's order and assessing costs. The appellants have appealed from that judgment, contending that the superior court erred in entering a judgment which failed to grant attorneys' fees.[1]

■■ Upon request of this court, the parties have briefed and argued the issue of whether the judgment on mandate entered by the trial court in this matter is an appealable judgment. We hold that the superior court's entry of judgment based on our specific mandate and opinion is not appealable. Accordingly, this court is without jurisdiction to consider the merits of appellants' allegations of error.

■■ Upon a specific remand with specific directions, a superior court does not possess jurisdiction to enter a judgment which materially varies from that which an appellate court orders it to render. *State v. Griffith*, 54 Ariz. 436, 441, 96 P.2d 752, 754 (1939). In such a case, a trial court is performing a mere ministerial act rather than a judicial act when it enters an order pursuant to the specific directions of an appellate court. *Gusick v. Eyman*, 81 Ariz. 182, 184, 302 P.2d 944, 945 (1956). In *Gusick v. Eyman* the appellant attempted to appeal from a superior court order which dismissed the appellant's petition for a writ of habeas corpus pursuant to a mandate of the Supreme Court rendered in a prior appeal in the case. In dismissing the appeal because no right of appeal existed, the court stated:

"[In our prior opinion] [w]e remanded the case to the trial court with instructions to dismiss. In the last analysis, therefore, we hold that the attempted appeal in the instant case is not an appeal from an order of the trial court but in fact an attempt to appeal to this court from its own judgment and mandate. *Stewart v. Salamon*, 97 U.S. 361, 24 L.Ed. 1044. See, also, *Rouse v. Rouse*, 238 N.C. 568, 78 S.E.2d 451. There are many other cases to the same effect." 81 Ariz. at 184, 302 P.2d at 945.

---

1. Appellants have not urged in this appeal the superior court's failure to direct a refund as part of the judgment. In an order filed August 23, 1978, this court declined to accept jurisdiction over appellants' petition for special action requesting consideration of whether the superior court on remand should have awarded a refund to Mountain States' customers.

Appellants assert that the foregoing authority is not applicable here because our prior mandate should be characterized as general rather than specific, thus vesting the trial court with discretion to deal with points not mentioned in the mandate. Therefore, appellants conclude, any subsequent trial court judgment should be appealable because once the superior court has considered other issues its judgment on mandate is no longer solely the judgment of the appellate court. Appellants buttress this conclusion by arguing that the post-opinion order of this court dated March 30, 1978, denying appellants' motion for attorneys' fees, contained language authorizing the lower court to entertain a motion on the additional issue of attorneys' fees.

The specificity of both the judgment and mandate in this matter and directions to the trial court belie appellants' contention that our opinion was general in terms. The trial court was specifically instructed to "set aside the order of the Corporation Commission entered December 12, 1978." It was given no other authority.

Furthermore, this court's rejection of appellants' post-opinion petition for attorneys' fees if authorizing further court proceeding did so only "after the nature and extent of a common fund has been determined."[2] The "common fund" was not created until some months later under action taken by the Corporation Commission.

Finally, it should be noted that the appropriate method of seeking review of a trial court's judgment on remand entered pursuant to specific directions of an appellate court is through special action. *See Tovrea v. Superior Court,* 101 Ariz. 295, 297, 419 P.2d 79, 81 (1966). As was stated in *Sepo v. Case,* 25 Ariz.App. 176, 180, 541 P.2d 1160, 1164 (1975):

"[T]he remedy of special action can be utilized after an appellate decision becomes final to test whether the trial court

is acting contrary to the directives of the appellate court."

Appeal dismissed.

OGG, C. J., and WREN, J., concur.

---

**2.** We do not determine here whether post opinion orders not contained in our judgment or mandate would or would not constitute addi-
tional authority to a trial court over and above the mandated authority.