643 P.2d 1021

**Mary Ann JORDAN, Petitioner/Appellee,**

v.

**Donald E. JORDAN, Respondent/Appellant.**

**No. 2 CA–CIV 4019.**

Court of Appeals of Arizona, Division 2.

Dec. 17, 1981.

Rehearing Denied Jan. 14, 1982.

Review Granted Feb. 10, 1982.

William J. Redondo, Tucson, for petitioner/appellee.

Slutes, Browning, Zlaket & Sakrison, P.C. by James M. Sakrison and Jane L. Eikleberry, Tucson, for respondent/appellant.

OPINION

HOWARD, Judge.

In August 1978 a dissolution decree involving the parties to this appeal was entered awarding the family residence to appellee. On appeal from that award, this court in a memorandum decision filed September 26, 1979, reversed the trial court by finding lack of jurisdiction to award the home to appellee because the property was acquired in joint tenancy prior to 1973, and there was no authority to make an equitable division of it. This court then ordered the following:

"Because the joint tenancy residence cannot be awarded to appellee as her sole and separate property, the matter must be remanded. [Footnote omitted] Inasmuch as appellant was awarded certain

community assets to offset the award of the residence, the division of other property must be reconsidered. [Footnote omitted]

We reverse so much of the decree as pertains to the division of the parties' property and remand for further proceedings."

On October 6, 1979 a motion for rehearing was denied by this court, and on December 4, 1979 a petition for review by the Arizona Supreme Court was denied.

Between the time this court issued its mandate and the trial court reconsidered the division of the property, A.R.S. § 25–318 was amended so that it had prospective and retrospective operation. One consequence of this was that joint tenancy property could be divided equitably without regard to the date of property acquisition.

Pursuant to this amendment, the trial court ordered the following:

"IT IS THE FINDING of the Court that in light of the change in the Statute, 25–318(d), that that Statute in effect negates the holding of the Court of Appeals in this matter, and in effect confirms and/or validates the Decree of Dissolution entered by this Court on August 21, 1978, which Decree was based upon the Court's Minute Entry Order Opinion of July 3, 1978, and therefore, and [sic]

IT IS ORDERED that this Court's Decree of Dissolution entered on August 21, 1978, is hereby confirmed and validated."

The only question on appeal is whether the trial court had jurisdiction to ignore the mandate of this court and apply the amended statute. We hold that it did not and reverse.

A remand sends a matter back to the body from which it came where further action will be limited by the terms of the mandate. *Sun City Water Company v. Arizona Corporation Commission*, 113 Ariz. 464, 556 P.2d 1126 (1976). This means that when there is a specific remand with specific directions, a superior court does not possess jurisdiction to enter a judgment which materially varies from that which the appellate court orders it to render. *Scates v. Arizona Corporation Commission*, 124 Ariz. 73, 601 P.2d 1357 (1979); *Zellerbach Paper Co. v. Valley National Bank of Arizona*, 18 Ariz.App. 301, 501 P.2d 570 (1972); *State v. Griffith*, 54 Ariz. 436, 96 P.2d 752 (1939). "To hold otherwise would be to strip judicial proceedings of their dignity and respect, while creating a circular process that would provide no end to litigation nor final determination of rights and obligations." *Tovrea v. Superior Court*, 101 Ariz. 295, 419 P.2d 79 (1966).

In effect, the trial court by its order gave the residence to appellee. This is in direct contravention of our mandate which stated that the home could not be given to appellee as her sole and separate property.

We reverse and remand for further proceedings in compliance with our memorandum decision in this case filed September 26, 1979.

HATHAWAY, C. J., and BIRDSALL, J., concur.