NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

12TH STREET PROPERTY TRUST, et al., *Plaintiffs/Appellees,*

*v.*

LINDA V. LYNAUGH, *Defendant/Appellant.*

No. 1 CA-CV 19-0449
FILED 7-21-2020

Appeal from the Superior Court in Maricopa County
No. CV 2017-052422
The Honorable Steven K. Holding, Commissioner (Retired)

**VACATED AND REMANDED**

APPEARANCES

Linda V. Lynaugh, Phoenix
*Defendant/Appellant*

Hull Holliday & Holliday, Phoenix
By Denise M. Holliday
*Counsel for Plaintiffs/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge D. Steven Williams and Judge Lawrence F. Winthrop[1] joined.

---

**B R O W N**, Judge:

¶1         Linda Lynaugh appeals the superior court's order awarding attorneys' fees based on a mandate from this court.  Because the record before us lacks any support for the court's fee award, we vacate the order and remand for further proceedings.

## BACKGROUND

¶2         In 2017, Lynaugh was found guilty of forcible entry and detainer ("FED"), and 12th Street Property Trust ("the Trust") was awarded possession of the property, unpaid rent, attorneys' fees, and costs.  After Lynaugh filed several post-judgment motions, the superior court declared her a vexatious litigant and awarded the Trust $1925 in supplemental attorneys' fees.  Lynaugh appealed to this court, and we affirmed the superior court's denial of her post-judgment motions but vacated the vexatious litigant order. *12th Street Prop. Trust v. Lynaugh*, 1 CA-CV 17-0183, 2019 WL 1076220, at *1, ¶ 1(Ariz. App. Mar. 7, 2019) (mem. decision).  We also vacated the supplemental fee award because the court had not specified whether the award was based on the vexatious litigant order or the FED judgment under A.R.S. § 12-1178(A). *12th Street*, 1 CA-CV 17-0183, at *3, ¶ 13.  We therefore directed the court to "reconsider whether all fees requested in the supplemental application should be awarded based solely on [A.R.S.] § 12-1178(A)." *Id.*

¶3         After issuance of the mandate by this court, and the day before a hearing set to address attorneys' fees, the Trust filed an amended supplemental application requesting an award of $1275.  The application stated that a sworn statement of counsel was attached, but no such document was filed with the superior court.

---

[1]         Judge Lawrence F. Winthrop replaces the Honorable Kenton D. Jones, who was originally assigned to this panel.  Judge Winthrop has read the briefs and reviewed the record.

¶4 At the hearing, although Lynaugh questioned how the Trust came up with the award it was requesting, the Trust presented no evidence or exhibits supporting its amended supplemental fee application. Counsel for the Trust did explain, however, that its fee request was reduced by $750 for the time spent in pursuing the vexatious litigant order. After the hearing, the superior court entered an order awarding the Trust $1175 in attorneys' fees pursuant to A.R.S. § 12-1178(A). Lynaugh timely appealed.

## DISCUSSION

¶5 After Lynaugh filed her notice of appeal in the superior court, the Trust moved to strike it, arguing Lynaugh could not appeal a final order based upon a "specific" mandate from this court. The superior court granted the Trust's motion. Lynaugh then filed an amended notice of appeal. On appeal, the Trust seeks dismissal of the appeal for lack of jurisdiction for the same reason asserted in its motion to strike.

¶6 In addition to addressing the Trust's argument, we have an independent duty to determine our jurisdiction. *See Sorenson v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465 (App. 1997). The superior court's entry of a judgment based on a specific mandate from this court is not appealable. *Scates v. Ariz. Corp. Comm'n*, 124 Ariz. 73, 75–76 (App. 1979). Instead, a party challenging the judgment must do so by special action. *See Tovrea v. Superior Court*, 101 Ariz. 295, 297 (1966).

¶7 In *Scates*, we reversed the superior court's order approving a rate increase and remanded with instructions to "set aside the order of the Corporation Commission entered December 12, 1978." *Id*. In the superior court on remand, the appellants requested an award of attorneys' fees and costs. *Id*. at 75. The court denied the request for attorneys' fees, set aside the commission's order, and assessed costs. *Id*. In their subsequent appeal, the appellants argued the court erred in entering a judgment without granting attorneys' fees. *Id*. We dismissed the appeal because the superior court's entry of the order setting aside the commission's order was merely a ministerial act. *Id*. at 76 (citing *Gusick v. Eyman*, 81 Ariz. 182, 184 (1956) (explaining that if the trial court "is performing a mere ministerial act rather than a judicial act when it enters an order pursuant to the specific directions of an appellate court," then the issue is not appealable), and *State v. Griffith*, 54 Ariz. 436, 441 (1939) (stating that the trial court "was absolutely without jurisdiction" to render a judgment that was any different from the one "which this court directed it to render")).

**¶8**        Unlike *Scates*, the superior court in this case was not simply engaging in a ministerial act. Instead, we directed the court to reconsider the amount of the supplemental fee award, which necessarily required the court to exercise its discretion in considering on remand the Trust's revised supplemental request to determine which fees could properly be awarded under § 12-1178(A). Thus, the court's order reducing the previous award of supplemental attorneys' fees to the Trust did not arise from a specific mandate. We therefore reject the Trust's argument that we lack jurisdiction to consider Lynaugh's appeal.

**¶9**        Turning to the merits, Lynaugh stated at the outset of the hearing that she did not "see any foundation for a calculation [of] . . . how [the Trust] got to these numbers." Notwithstanding that specific objection, the Trust provided no evidence or documentation in response. Nor did the superior court inquire further into how the Trust calculated its fee request. It is possible the Trust provided the court with a courtesy copy of the sworn statement that should have accompanied the amended supplemental fee application, but nothing in the transcript or the record on appeal confirms that is the case. And even assuming that occurred, there is no indication the sworn statement was given to Lynaugh. Accordingly, the Trust failed to meet the minimum requirements for a fee award, and Lynaugh was deprived of a meaningful opportunity to object to the Trust's fee request. *See Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 491, ¶ 38 (App. 2007) ("Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees.").

**¶10**        We therefore vacate the award and remand to the superior court to reconsider whether all fees requested in the supplemental application should be awarded solely based on A.R.S. § 12-1178(A). The Trust shall be directed to file and serve its "supplemental" fee application and affidavit, along with a proposed order, at least seven days before any hearing so that appellant has the opportunity to review and respond with specific objections to the affidavit and proposed order. The court may then consider the Trust's request and issue its ruling.

**CONCLUSION**

**¶11** We vacate the superior court's order awarding supplemental attorneys' fees to the Trust and remand for further proceedings consistent with this decision. We deny the Trust's request for attorneys' fees because it has not prevailed on appeal. As the successful party on appeal, Lynaugh is entitled to an award of taxable costs subject to compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA