NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

AGRICANN LLC, *Plaintiff/Appellant*,

*v.*

NATURAL REMEDY PATIENT CENTER, LLC, *Defendant/Appellee*.

No. 1 CA-CV 24-0770

FILED 10-08-2025

Appeal from the Superior Court in Maricopa County
No. CV2016-001283
The Honorable Timothy J. Ryan, Judge *Retired*

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Co-Counsel for Plaintiff/Appellant*

Windtberg Law, PLC, Phoenix
By Marc Windtberg
*Co-Counsel for Plaintiff/Appellant*

Greenspoon Marder LLP, Scottsdale
By Sharon A. Urias
*Co-Counsel for Defendant/Appellee*

Osborn Maledon, P.A., Phoenix
By Thomas L. Hudson, Eric M. Fraser, Michael A. Moorin
*Co-Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

**B A I L E Y**, Judge:

¶1 This is the second appeal to this court involving the parties—Agricann LLC ("Agricann") and Natural Remedy Patient Center, LLC ("Natural Remedy"). In the first appeal, this court affirmed the superior court's judgment but vacated a damages award for Agricann and remanded for the court to consider the costs Agricann avoided by not having to perform the parties' novated contract. *See Agricann LLC v. Natural Remedy Patient Center, LLC*, 1 CA-CV 20-0231, 2022 WL 1498523, at *7-8, ¶¶ 36, 43 (Ariz. App. May 12, 2022) (mem. decision).

¶2 Agricann now appeals the superior court's judgment on remand that, based on the avoided costs offset, Agricann is not entitled to any damages award. Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶3 As necessary for context, we rely in part on facts presented in this court's previous memorandum decision involving the parties. *See id.* at *1-3, ¶¶ 2-17.

¶4 In 2014, Natural Remedy, which holds a medical marijuana dispensary certificate, entered an agreement ("the Management Contract") to grow and sell medical marijuana with Agricann, which held the lease to a medical marijuana production facility ("the Grow Facility"). *Id.* at *1, ¶¶ 2, 4.

¶5 After disputes arose over the Management Contract in 2015, the parties entered a new contract, called the Breakup Deal. *Id.* at *1-2, ¶¶ 6-8. Both parties had duties under the Breakup Deal. Natural Remedy agreed to sublease the Grow Facility for $20,000 a month for three years, beginning in November 2015, and ending with a $400,000 balloon payment. *Id.* at *2, ¶ 8. Agricann agreed to transfer to Natural Remedy the marijuana-growing equipment and Agricann's lease rights in the Grow Facility. *Id.*

Natural Remedy paid $20,000 in November 2015, $20,000 in December 2015, and $15,000 in January 2016, but made no other payments. *Id.* at *3, ¶ 15.

¶6	Agricann sued Natural Remedy for breach of contract, alleging Natural Remedy had breached both the Management Contract and the Breakup Deal. *Id.* at *2, ¶ 11. After a bench trial, the superior court ruled that Natural Remedy did not breach the Management Contract, but it did breach the Breakup Deal, a novation of the Management Contract. *Id.* at *2-3, ¶¶ 12, 14-15. The court also determined that Natural Remedy owed $5,000 for January 2016, the remaining thirty-three contract payments of $20,000, and the $400,000 balloon payment, for a total of $1,065,000, plus interest. *Id.* at *3, ¶ 15. In March 2020, the superior court entered judgment under Rule 54(c), Ariz. R. Civ. P.

¶7	On appeal, this court affirmed the judgment, but vacated the damages award for Agricann after concluding the superior court had failed to deduct costs avoided and thus put Agricann in a better position than if the Breakup Deal had been performed:

> [T]he calculation of expectation damages "necessarily includes a deduction for 'any cost or other loss that [the injured party] has avoided by not having to perform.'" *Ramsey* [*v. Ariz. Registrar of Contractors*], 241 Ariz. [102,] 107, ¶ 12 [(App. 2016)] (quoting Restatement (Second) of Contracts § 347(c)).

> Here, the court, by awarding Agricann the full amount due under the Breakup Deal, less the amounts paid by Natural Remedy, awarded Agricann its expectation under the contract. However, because nothing in the court's ruling suggests that it considered the costs that Agricann avoided by not having to perform, such as, but not limited to, the rent payments and the transfer of the equipment, the court's award was in error.

> Because the court's error placed Agricann in a better position than it would have been in had the contract been fully performed, we vacate the damages award and remand with instruction for the superior court to consider the costs that Agricann avoided by not having to perform.

*Id.* at *6, ¶¶ 34-36. We ordered the superior court on remand to conduct "further proceedings consistent with this decision," *id.* at *1, 8, ¶¶ 1, 45, and

our subsequent mandate commanded the superior court "to conduct such proceedings as required to comply with" our memorandum decision.

¶8            On remand, the case was assigned to a new judge. Agricann lodged a proposed judgment that reinstated the vacated damages award. Agricann argued it had avoided no costs and that the superior court could not consider new evidence because this court had not specifically ordered a new trial. The superior court rejected Agricann's request to reenter the vacated damages award and limit the remand to existing evidence.

¶9            Agricann moved for summary judgment, arguing again it had avoided no costs and was entitled to the same damages award previously vacated. Natural Remedy opposed summary judgment, arguing this court had already determined that avoiding rent payments and the equipment transfer made Agricann better off and that genuine factual disputes existed regarding the amount of Agricann's avoided costs.

¶10           Concluding the issue was "not even close," the superior court denied Agricann's motion for summary judgment:

> The Court of Appeals clearly considered a trial/hearing on the merits as the path forward . . . . [Agricann's] Motion for Summary Judgment ignores the Law of the Case, and the actual wording of the Court of Appeals' Memorandum Decision.
>
> There are disputed issues of fact as to whether [Agricann] avoided rent payment from May 2016-November 2018. There is also an issue of fact as to whether the Equipment [that was supposed to be transferred] to [Natural Remedy] should be deducted . . . . The Court also finds that there are disputed issues of fact as to whether avoided utility expense should be deducted in the net equation.

¶11           In April 2024, the superior court conducted a two-day bench trial. Agricann offered controverted testimony from its principals that, after the Breakup Deal, Agricann transferred its interests in the Grow Facility and equipment and no longer had rights or responsibilities related to the Grow Facility's rent or utilities. But after considering the evidence presented and the witnesses' credibility, the court found that Natural Remedy's breach had allowed Agricann to avoid $207,713 in rent costs, $285,708.40 in utilities costs, and $600,000 in equipment costs. The court also found that Agricann offered no evidence to controvert the amounts of Natural Remedy's proposed rent and utilities deductions and, other than

4

"contradictory testimony" from one of its principals "disavowing his prior testimony and representations that the equipment [not transferred to Natural Remedy] was worth $600,000.00, Agricann did not challenge, rebut or otherwise contest Natural Remedy's evidence of the equipment's value." Unlike Natural Remedy, Agricann did not present a damages expert.

¶12          After deducting the avoided costs, the superior court entered judgment for Natural Remedy because the combined avoided rent, utility, and equipment costs exceeded the $1,065,000 Agricann would have received had the Breakup Deal been performed.   The court denied Agricann's motion for reconsideration and entered final judgment under Rule 54(c), ordering that each party bear its own costs and attorneys' fees. We have jurisdiction over Agricann's timely appeal.  *See* Ariz. Rev. Stat. ("A.R.S.") § 12-2101(A)(1).

## DISCUSSION

I.      Standard of Review and Applicable Law

¶13          On appeal from a bench trial, we view the evidence and reasonable inferences therefrom in the light most favorable to sustaining the superior court's ruling, *Town of Marana v. Pima Cnty.*, 230 Ariz. 142, 152, ¶ 46 (App. 2012), and will affirm the judgment if correct for any reason, *FL Receivables Tr. 2002-A v. Ariz. Mills, L.L.C.*, 230 Ariz. 160, 166, ¶ 24 (App. 2012).  We defer to findings of fact unless clearly erroneous, but review conclusions of law de novo. *Town of Marana*, 230 Ariz. at 152, ¶ 46.  A court's finding of fact is not clearly erroneous if substantial evidence supports it, even if conflicting evidence exists. *Kocher v. Dep't of Revenue*, 206 Ariz. 480, 482, ¶ 9 (App. 2003).  Whether the court applied the correct measure of damages is a mixed question of fact and law reviewed de novo. *Armiros v. Rohr*, 243 Ariz. 600, 606, ¶ 21 (App. 2018).

II.      Denial of the Motion for Summary Judgment

¶14          Agricann argues the superior court erred in denying its motion for summary judgment.

¶15          Generally, a superior court's denial of a summary judgment motion is not reviewable on appeal from a final judgment entered after a trial on the merits. *See Navajo Freight Lines, Inc. v. Liberty Mut. Ins. Co.*, 12 Ariz. App. 424, 428 (1970); *accord John C. Lincoln Hosp. & Health Corp. v. Maricopa Cnty.*, 208 Ariz. 532, 539, ¶ 19 (App. 2004).  An exception exists if the denial is based on a point of law — that is, a purely legal issue — or if the proponent reasserts the issue in a Rule 50 motion for judgment as a matter

of law or other post-trial motion. *Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 577, ¶ 22 (App. 2015) (citations omitted); *Strojnik v. Gen. Ins. Co. of Am.*, 201 Ariz. 430, 433, ¶ 11 (App. 2001). A purely legal issue does not require the determination of any predicate facts, such that "the facts are not merely undisputed but immaterial." *Desert Palm*, 236 Ariz. at 577, ¶ 22 (citations omitted). We review de novo whether a pure question of law precluded the court's denial of summary judgment. *Id.* (citing *Hourani v. Benson Hosp.*, 211 Ariz. 427, 430, ¶ 4 (App. 2005)).

¶16            Here, the issue raised by Agricann is not a point of law or purely legal issue, but as presented would require this court to review and assess predicate facts, including the types and amounts of Agricann's avoided costs as disputed by the parties, and witnesses' credibility. *See id.* at ¶ 23. Nor did Agricann reassert this issue in any post-trial motion, including in its motion for reconsideration. Accordingly, we decline to consider Agricann's argument that the superior court erred by denying its motion for summary judgment.

III.    Compliance With This Court's Decision and Mandate

¶17            Agricann also argues the superior court erred in holding a second bench trial to determine what costs Agricann avoided. Agricann maintains that holding an evidentiary hearing and considering new evidence on remand did not strictly follow this court's directives in our prior memorandum decision and mandate. Natural Remedy argues the issue is not reviewable on direct appeal, and Agricann had to advance this issue in a special action.

¶18            A superior court's entry of judgment based on an appellate court's *specific* mandate and decision is not appealable, and the appropriate method of seeking review of such a judgment is through special action. *Scates v. Ariz. Corp. Comm'n*, 124 Ariz. 73, 75-76 (App. 1979) (citing *Tovrea v. Superior Court ex rel. Maricopa Cnty.*, 101 Ariz. 295, 297 (1966)); *accord Raimey v. Ditsworth*, 227 Ariz. 552, 554, ¶ 1 (App. 2011). Further, to the extent an appeal is merely an attempt to appeal to this court from its own previous judgment and mandate, the appeal is improper and should not be considered. *Scates*, 124 Ariz. at 75 (citing *Gusick v. Eyman*, 81 Ariz. 182, 184 (1956)).

¶19            Nevertheless, when, as here, this court's memorandum decision and mandate qualify as a general order containing broad language—"to consider the costs that Agricann avoided by not having to perform" and "to conduct such proceedings as required to comply with"

our memorandum decision—rather than a specific order requiring the superior court to conduct what amounts to a ministerial act, *see id.*, a party may argue on appeal that the superior court failed to properly apply our decision and mandate, *see Molloy v. Molloy*, 181 Ariz. 146, 149 (App. 1994). Accordingly, we consider Agricann's argument to the extent it does not challenge this court's previous decision and mandate.

**¶20** A mandate limits the superior court to the material issue presented to it, *Cabanas v. Pineda ex rel. Maricopa Cnty.*, 246 Ariz. 12, 20, ¶ 30 (App. 2018), and that court must strictly follow the mandate on remand, *Bogard v. Cannon & Wendt Elec. Co.*, 221 Ariz. 325, 334, ¶ 30 (App. 2009) (citing *Molloy*, 181 Ariz. at 149). We review de novo whether the superior court followed the scope of this court's mandate. *Cyprus Bagdad Copper Corp. v. Ariz. Dep't of Revenue*, 196 Ariz. 5, 7, ¶ 6 (App. 1999); *Molloy*, 181 Ariz. at 149.

**¶21** We see no error. The remand proceedings fell within the scope of this court's directions, which advised the superior court that its error in not considering avoided costs "placed Agricann in a better position than it would have been in had the [Breakup Deal] been fully performed," and tasked the court with "consider[ing] the costs that Agricann avoided by not having to perform," including, "but not limited to, the rent payments and the transfer of the equipment." The mandate similarly commanded the superior court "to conduct such proceedings as required to comply with" our memorandum decision.

**¶22** And although this court's mandate did not specifically order an evidentiary hearing, nothing precluded the superior court from holding one. *See Anderson v. Contes*, 212 Ariz. 122, 126, ¶ 14 (App. 2006) (recognizing the superior court "is at liberty to hold such proceedings as it deems necessary to comply with the directions in our memorandum decision"); *Tucson Gas & Elec. Co. v. Superior Court ex rel. Pima Cnty.*, 9 Ariz. App. 210, 213 (1969) ("While there is no language explicitly directing a retrial, . . . [t]here is no verbiage in the opinion that would negate the requirement of a new trial."). In non-jury cases such as this, appellate courts often remand for further proceedings that do not require complete retrial of an issue but are limited in focus, such as the presentation of additional evidence. *Anderson*, 212 Ariz. at 125, ¶ 10; *see also Cyprus Bagdad Copper Corp.*, 196 Ariz. at 7, ¶¶ 5-7 (concluding the superior court did not act outside the scope of the mandate when it considered additional evidence).

**¶23** Moreover, on remand, the case was assigned to a new judge, who had no prior opportunity to hear the witnesses' testimony and

evaluate their credibility, or to weigh any evidence in the case. Accordingly, that judge ordered a limited damages trial at which he could hear live testimony, assess credibility, and make factual findings about the specific types and amounts of costs that Agricann avoided, including rent, utilities, and the market value of the equipment. The proceedings in the superior court complied with this court's decision and mandate, and on this record, we affirm.

IV.     Costs and Attorneys' Fees on Appeal

¶24     Both parties request costs and attorneys' fees on appeal under A.R.S. § 12-341.01. In our discretion, we decline to award attorneys' fees. Because Natural Remedy is the successful party in this appeal, we award Natural Remedy its taxable costs subject to compliance with Rule 21, ARCAP.

## CONCLUSION

¶25     The superior court's judgment is affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR